STATE *v.* DAVIS.

No. 39504          April 11, 1955          79 So. 2d 452

*Joe T. Patterson,* Asst. Atty. Gen., Jackson, for appellant.

*Donald Franks,* Booneville, for appellee.

Hall, J.

Section 2413, Code of 1942, provides: "Unnatural Intercourse. — Every person who shall be convicted of the detestable and abominable crime against nature committed with mankind or with a beast, shall be punished by imprisonment in the penitentiary for a term of not more than ten years."

Appellant was indicted under this section. The indictment, omitting formal parts, charged that appellant "did wilfully and feloniously commit the detestable and abominable crime against nature by having unnatural carnal intercourse with one" (name omitted), "a female person, by inserting his private sexual organs into her mouth and having her to suck them, he being then and there a male person," etc.

The lower court sustained a demurrer to this indictment on the ground that sodomy between human beings must be committed per anus and not per os. An early decision under the common law (1817) so held. Some courts have followed it and some have rejected it. The question has never been passed upon in this State. The conflict in the decisions of other states may be found in the discussion of "Sodomy," 81 C. J. S., pages 367, et seq.

The Legislature designated the offense covered by the statute as "Unnatural Intercourse" and not "Sodomy." The offense here charged is unnatural, detestable, and abominable, and we hold that it was within the intention of the Legislature to make it a felony. Hence the demurrer should have been overruled. Our views are amply supported by the following cases and by those therein cited: Glover v. State (Indiana), 101 N. E. 629, 45 L. R. A. (N. S.) 473; State v. Vicknair, 52 La. Ann. 1921, 28 So. 273; Lason v. State, 152 Fla. 440, 12 So. 2d 305; State v. Fletcher, 174 Kan. 530, 256 P. 2d 847; State v. Cyr, 135 Me. 513, 198 A. 743; Wharton v. State, 58 Ga. App. 439, 198 S. E. 823.

The judgment of the lower court will therefore be reversed and the cause remanded.

Reversed and remanded.

*Roberds, P. J.,* and *Kyle, Holmes* and *Gillespie, JJ.,* concur.