329 So.2d 65 (1976)
STATE of Mississippi
v.
Marvin MAYS.
No. 48953.
Supreme Court of Mississippi.
March 16, 1976.
Rehearing Denied April 13, 1976.
Tommy McWilliams, Asst. Dist. Atty., Drew, A.F. Summer, Atty. Gen., by John C. Underwood, Sp. Asst. Atty. Gen., Jackson, for appellant.
W.C. Trotter, III, Belzoni, for appellee.
Before GILLESPIE, C.J., and ROBERTSON and WALKER, JJ.
ROBERTSON, Justice:
Marvin Mays was indicted by the grand jury in the Circuit Court of Sunflower County for the crime of sodomy. The circuit court sustained a motion to quash the indictment, finding in its order:
"[T]hat the statutory allegations of the indictment are so vague, ambiguous, indefinite and uncertain as to deprive the Defendant of the constitutional right of due process guaranteed him by the Constitution of the United States and the Constitution of the State of Mississippi."
The State appeals from the order quashing the indictment and discharging the defendant.
The indictment reads:
"That MARVIN MAYS late of the County aforesaid, on the 4th day of April 1975, in the County aforesaid, being then and there a male person, did willfully, unlawfully and feloniously commit the detestable and abominable crime against nature by having unnatural carnal intercourse with one Marty Bergin, a human being, by inserting and penetrating his, the said Marvin Mays' penis into the anus of the said Marty Bergin to gratify the lust of said Marvin Mays."
Mississippi Code Annotated section 97-29-59 (1972), titled "Unnatural intercourse", provides:
"Every person who shall be convicted of the detestable and abominable crime against nature committed with mankind or with a beast, shall be punished by imprisonment in the penitentiary for a term of not more than ten years."
Mississippi Code Annotated section 99-7-1 (1972), titled "Indictment may charge *66 offenses according to common law or statute", provides:
"Offenses at common law, indictable and punishable by special statutory provision, may be indicted as described or charged according to the common law or according to the statute, and, on conviction, the offenders shall be punished as prescribed."
This Court has equated the common law crime of sodomy with "the detestable and abominable crime against nature committed with mankind or with a beast," proscribed in Section 97-29-59. We have ruled that indictments describing or charging the crime "according to the common law or according to the statute" were valid and constitutional indictments. See Taurasi v. State, 233 Miss. 330, 102 So.2d 120 (1958); and State v. Davis, 223 Miss. 862, 79 So.2d 452 (1955).
The indictment in the case at bar describes and charges the crime both according to the statute and according to the common law.
In Rose, Warden, v. Locke, 423 U.S. 48, 96 S.Ct. 243, 46 L.Ed.2d 185, (1975), the Supreme Court of the United States rejected the contention that a Tennessee statute proscribing "crimes against nature" was unconstitutionally vague.
The Court said:
"It is settled that the fair-warning requirement embodied in the Due Process Clause prohibits the States from holding an individual `criminally responsible for conduct which he could not reasonably understand to be proscribed.' United States v. Harriss, 347 U.S. 612, 617, 74 S.Ct. 808, 812, 98 L.Ed. 989 (1954); See Wainwright v. Stone, 414 U.S. 21, 94 S.Ct. 190, 38 L.Ed.2d 179 (1973). But this prohibition against excessive vagueness does not invalidate every statute which a reviewing court believes could have been drafted with greater precision. Many statutes will have some inherent vagueness, for `[i]n most English words and phrases there lurk uncertainties.' Robinson v. United States, 324 U.S. 282, 286, 54 S.Ct. 666, 668, 89 L.Ed. 944 (1945). Even trained lawyers may find it necessary to consult legal dictionaries, treatises, and judicial opinions before they may say with any certainty what some statutes may compel or forbid. Cf. Nash v. United States, 229 U.S. 373, 33 S.Ct. 780, 57 L.Ed. 1232 (1913); United States v. National Dairy Corp., 372 U.S. 29, 83 S.Ct. 594, 9 L.Ed.2d 561 (1963). All the Due Process Clause requires is that the law give sufficient warning that men may conform their conduct so as to avoid that which is forbidden. (Emphasis added).
"Viewed against this standard, the phrase `crime against nature' is no more vague than many other terms used to describe criminal offenses at common law and now codified in state and federal penal codes. The phrase has been in use among English-speaking people for many centuries, see 4 W. Blackstone, Commentaries [*]216, and a substantial number of jurisdictions in this country continue to utilize it. See Note, The Crimes Against Nature, 16 J. Pub. L. 159, 162 n. 19 (1967). Anyone who cared to do so could certainly determine what particular acts have been considered crimes against nature, and there can be no contention that the respondent's acts were ones never before considered as such. See, e.g., Comer v. State, 21 Ga. App. 306, 94 S.E. 314 (1917); State v. Townsend, 145 Me. 384, 71 A.2d 517 (1950).
"... In State v. Crawford, 478 S.W.2d 314 (Mo. 1972), the Supreme Court of Missouri rejected a claim that its crime against nature statute was so devoid of definition as to be unconstitutional, pointing out its provision was derived from early English law and broadly embraced sodomy, bestiality, buggery, fellatio, and cunnilingus within its terms. We dismissed the appeal from this judgment as failing to present a substantial federal question. Crawford v. Missouri, *67 409 U.S. 811, 93 S.Ct. 176, 34 L.Ed.2d 66 (1972); see Hicks v. Miranda, 422 U.S. 332, 343-345, 95 S.Ct. 2281, 2289, 45 L.Ed.2d 223 (1975). And in Wainwright v. Stone, supra, we held that a Florida statute proscribing `the abominable and detestable crime against nature' was not unconstitutionally vague, despite the fact that the State Supreme Court has recently changed its mind about the statute's permissible scope." 423 U.S. at 49-51, 96 S.Ct. at 244-45, 46 L.Ed.2d at 188-89.
The indictment and the statute, § 97-29-59 (implemented by § 99-7-1), clearly met all constitutional tests.
The judgment of the trial court quashing the indictment and discharging the defendant, is reversed and this cause remanded to the circuit court for trial.
REVERSED AND REMANDED.
GILLESPIE, C.J., PATTERSON and INZER, P. JJ., and SMITH, SUGG, WALKER and BROOM, JJ., concur.