445 So.2d 543 (1984)
Francisco Javier CONTRERAS
v.
STATE of Mississippi.
No. 54084.
Supreme Court of Mississippi.
February 15, 1984.
William A. Pate, Gulfport, for appellant.
Bill Allain, Atty. Gen. by Billy L. Gore, Asst. Atty. Gen., Jackson, for appellee.
Before WALKER, P.J., and ROY NOBLE LEE and BOWLING, JJ.
*544 ROY NOBLE LEE, Justice, for the Court:
Francisco Javier Contreras was found guilty in the Circuit Court of Harrison County, Honorable Ruble Griffin, presiding, on a charge of crime against nature, e.g., unnatural intercourse, and was sentenced to ten (10) years in custody of the Mississippi Department of Corrections. He has appealed to this Court and assigns eight errors in the trial below.

I.
Was the statute under which appellant was convicted so vague, indefinite and uncertain that it denied appellant certain knowledge of the acts which are proscribed?
Appellant was indicted, tried and convicted under Mississippi Code Annotated § 97-29-59 (1972) which provides the following:
Every person who shall be convicted of the detestible and abominable crime against nature committed with mankind or with a beast, shall be punished by imprisonment in the penitentiary for a term of not more than ten years.
Appellant contends that the statute is unconstitutionally vague and relies upon the Florida case of Franklin v. State, 257 So.2d 21 (Fla. 1971), wherein the Supreme Court of Florida declared a similar statute unconstitutional for vagueness.
Although appellant did not raise the question in the lower court, and for that reason, it should not be considered here, we simply answer the point by referring to State v. Mays, 329 So.2d 65 (Miss. 1976), where the exact question was decided by this Court and the statute was held to be constitutional. See also Davis v. State, 367 So.2d 445 (Miss. 1979).

II.
Does the statute under which appellant was convicted unfairly discriminate against him in that it is applied to the punishment of males only, thereby denying him equal protection under the law?
This assignment of error follows Assignment I. We reject the contention of appellant on the authority of State v. Mays, supra, and Davis v. State, supra. See also Callahan v. State, 419 So.2d 165 (Miss. 1982).

III.
Did the lower court err in overruling the appellant's motion for mental examination and evaluation?
Appellant's counsel filed a motion for mental examination and evaluation on June 9, 1980, which motion was overruled by the court. During the trial, appellant insisted that he be permitted to testify in the case against the advice of his trial counsel. Appellant now contends that he should have had a mental examination in order to determine whether or not he was competent to stand trial.
The motion was not sworn to and was not accompanied by an affidavit. No evidence was offered to show probable cause that the appellant was mentally incapable of assisting counsel in his own defense. We are of the opinion that the trial judge did not commit error in overruling the motion for mental examination. Burrill v. State, 328 So.2d 334 (Miss. 1976).[1]

IV.
Did the court err in allowing the State to amend the indictment during the trial to change the nature of the act complained of, and in overruling appellant's subsequent motion for mistrial?
The indictment charged that appellant used force in obtaining the victim to perform the unnatural act. The evidence shows conclusively that no physical force was used. The State moved the court to amend the indictment by deleting the word *545 "forcing" and appellant contends that the amendment changed the indictment and constitutes error. The amendment was simply one of form and was properly allowed by the court. Porter v. State, 339 So.2d 564 (Miss. 1976); Hannah v. State, 336 So.2d 1317 (Miss. 1976); Shelby v. State, 246 So.2d 543 (Miss. 1971).

V.-VI.
Did the court err in overruling appellant's jury instructions D-1, D-5 and D-12?
Did the court err in overruling the defendant's motion for a new trial?
We have carefully considered the refused instructions D-1, D-5 and D-12 and are of the opinion that the court did not commit error in refusing those instructions. All questions referred to in the motion for new trial were specifically passed upon, the appellant received a fair trial, and the court did not err in overruling that motion.

VII.
Did the court err in overruling appellant's motions for directed verdict at the close of the state's case and at the end of the trial?
At the conclusion of the State's case, the appellant filed a motion for directed verdict which was renewed at the conclusion of all the evidence. We do not address the question of directed verdict at the close of the State's case, since it is elementary that when an accused proceeds to introduce evidence, the motion is waived. However, we consider the motion at the conclusion of all the evidence.
Appellant's 19-year-old daughter testified on the trial. She positively stated that she and the appellant engaged in the acts of fellatio and cunnilingus. Appellant, while admitting the evidence leading up to those acts, denied that they engaged in them. There was an issue for the jury, the testimony of the victim was accepted by the jury, and we are of the opinion that the verdict is sustained by the evidence. Goldman v. State, 406 So.2d 816 (Miss. 1981); Banks v. State, 394 So.2d 875 (Miss. 1981); Warn v. State, 349 So.2d 1055 (Miss. 1977).
Appellant argues that the sexual battery statutes, Mississippi Code Annotated §§ 97-3-95, et seq. (1972), as amended,[2] should supersede and take precedence over § 97-29-59 [appeared in Hutchinson's Code of 1848 as Ch. 64, Art. 12, Title 7 (1920)], the section under which he was indicted; that such practices are common between persons of the same and opposite sexes; that public morals in this modern day condone and permit the acts charged against him.[3]
The sexual battery statutes, as mentioned above, were enacted subsequent to the violation for which appellant was convicted. Section 97-3-103 provides that the sexual battery statutes shall not be held to repeal, modify or amend any other criminal statute of this state. One exception to the sexual battery statutes appears in Section 97-3-99 which provides that a person is not guilty of any offense under said sexual battery statutes, if the alleged victim is that person's legal spouse and he and the victim are not separated and living apart.
The complete answer to this argument of appellant is that the courts interpret statutes and decide the law. The enactment, modification, amendment or repeal of statutes are for the legislature.

VIII.
Did the court err in the imposition of the maximum sentence because it took into consideration crimes of which the appellant was never convicted?
Appellant contends that in imposing the maximum sentence of ten (10) years upon him, the lower court asked about other crimes involving the appellant and that he considered those matters not of record in passing sentence upon him. After some comment leading up to the sentencing of *546 appellant, which is customary with many trial judges, the judge said, "... but, really, from what I heard, I think the maximum sentence would be in order, from what I heard today; ..."
The sentence was within statutory limits. This Court has held many times that the trial judge will not be put in error nor will he be held to have abused his discretion in the sentence, if it is within the limits fixed by statute.
There being no reversible error in the trial below, the judgment of the lower court is affirmed.
AFFIRMED.
PATTERSON, C.J., WALKER and BROOM, P.JJ., and BOWLING, HAWKINS, DAN M. LEE, PRATHER and ROBERTSON, JJ., concur.
NOTES
[1] The record indicates that there was some confusion as to whether or not the trial judge granted the motion. He told appellant's counsel that he was positive a mental examination had been granted and that the attorney failed to furnish an order for same and failed to follow up the request.
[2] 1983 Miss. Laws, Ch. 429, effective March 29 (1983).
[3] Though not with his daughter.