IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 115,119

STATE OF KANSAS,
*Appellee*,

v.

CHARLES EDWARD WILLIAMS,
*Appellant*.

SYLLABUS BY THE COURT

1.

When appealing a conviction from a second trial after the first conviction was reversed on appeal, a defendant cannot raise for the first time an alleged statutory speedy trial violation that occurred during the first trial.

2.

The revised Kansas Sentencing Guidelines Act uses prior out-of-state convictions when calculating an offender's criminal history score. Under the version of the Act effective at the time Williams was sentenced, an out-of-state conviction is classified as a person or nonperson offense by referring to comparable offenses under the Kansas criminal code. If the code does not have a comparable offense, the out-of-state conviction is classified as a nonperson crime.

3.

A prior out-of-state conviction must have identical or narrower elements than a Kansas person crime to be scored as a person crime.

4.

A defendant is entitled to the benefit of a change in the law while the defendant's direct appeal is pending.

5.

Mississippi's offense of unnatural intercourse as stated in Miss. Code Ann. § 97-29-59 (1972) is broader than Kansas' offense of aggravated criminal sodomy as stated in K.S.A. 2010 Supp. 21-3506. Thus, the offenses are not comparable.

Review of the judgment of the Court of Appeals in an unpublished opinion filed June 9, 2017. Appeal from Sedgwick District Court; DAVID J. KAUFMAN, judge. Opinion filed January 24, 2020. Judgment of the Court of Appeals affirming the district court is affirmed in part and reversed in part. Judgment of the district court is affirmed in part and reversed in part, and the case is remanded with directions.

*Korey A. Kaul*, of Kansas Appellate Defender Office, argued the cause and was on the briefs for appellant.

*Julie A. Koon*, assistant district attorney, argued the cause, and *Boyd K. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, were with her on the briefs for appellee.

The opinion of the court was delivered by

STEGALL, J.: Charles Edward Williams appeals from his conviction of unintentional second-degree murder. Williams was first convicted for unintentional second-degree murder at a 2011 jury trial. The Court of Appeals reversed that conviction and remanded his case for a new trial. On remand, a jury again convicted Williams of unintentional second-degree murder.

2

Now appealing his second conviction, Williams argues first that his statutory speedy trial rights were violated at his first trial (thereby invalidating everything that came after, including his second trial); second, that the district court imposed a vindictive sentence; and finally that his sentence is illegal because the district court erroneously scored an out-of-state conviction as a person crime. As discussed below, we affirm the Court of Appeals decision rejecting Williams' speedy trial claim, albeit for different reasons. We agree with Williams, however, that his out-of-state conviction was improperly scored as a person crime. Accordingly, we need not reach Williams' vindictive sentence claim and we remand Williams' case for resentencing.

FACTUAL AND PROCEDURAL BACKGROUND

After Williams was convicted of second-degree unintentional murder and aggravated battery in 2011, he appealed, his murder conviction was reversed, and the case was remanded for a new trial. *State v. Williams*, No. 107,366, 2014 WL 274455, at *18 (Kan. App. 2014) (unpublished opinion). A jury again found Williams guilty of unintentional second-degree murder. Following this conviction, several posttrial motions were filed including a pro se motion arguing Williams' statutory speedy trial rights were violated at his first trial. Williams alleged his counsel had continued the case without Williams' presence or approval. Indeed, the district court continued Williams' 2011 trial six times but failed to make a record of these continuances.

The court heard arguments on Williams' motion and denied it without reaching its merits:

"[The Court:] The motion is denied, but this is why it's denied: I decline to reach the merits of Mr. Williams' argument. Let's make sure we understand the context of the argument. This issue being raised by Mr. Williams on a purported speedy trial violation, that is something that Mr. Williams is alleging occurred throughout the course

3

of litigation leading up to his conviction on trial number one, which, for the record, was in front of Judge Commer. To the extent that that issue had any merit, that was one to be raised on the direct appeal from that first trial conviction. Regardless of what issues were raised or not raised on the first direct appeal from trial number 1 conviction, there was a remand of Mr. Williams' conviction on the homicide, and that resulted in trial number 2 occurring before me. What Mr. Williams is asking me to do now is that as he sits there today convicted of the homicide in trial number 2 in the calendar year 2015, I'm being asked to do this, go back in time, jump over the previous appellate court decisions, jump over the previous trial conviction in trial number 1 and litigate that issue of speedy trial. That's not allowed under the law. It's simply not, and I don't reach the merits of it. There could be potentially other avenues on how that's addressed, but in terms of this procedural posture, no, that's overruled. I don't address the merits of it and decline to make any factual findings. So respectfully that motion is overruled for that reason, and certainly if there's appellate review of this motion for speedy trial it was well written, well thought out. I don't express any opinion on the merits of it because I decline to reach it. I don't have to do that, and I'm not going to. In fact, if I did I think it's an illegal ruling by me anyways [*sic*]."

Proceeding to sentencing, the court acknowledged Williams' trial counsel had filed a notice of objection to Williams' criminal history and a motion for downward dispositional or durational departure. The court recited Williams' trial counsel's motion arguing that Williams' Mississippi felony convictions from 1980 should be classified as nonperson felonies. The district court rejected the motion:

"[The Court:]  The motion is denied. Mr. Mank, even in his own motion, concedes that the legislature has attempted to void *Murdock*, and by that phraseology of Mr. Mank I understand as an advocate he's basically pointing out that he doesn't believe that the new statute that Mr. Short cited in terms of the House Bill should be applied retroactively. This is an interesting argument, and I respect Mr. Williams' position in it because Mr. Williams is asking me to follow the law, and Mr. Williams' position is is [*sic*] that the Supreme Court has spoken on *Murdock*, but what has not been discussed is

4

how post-*Murdock* the legislature has said we will correct the case law ruling of [the] Supreme Court that we disagree with by legislating new law that will therefore in terms of this case make entries number 1 and 2 person felonies. So the irony is that I'm following the law as it is right now. The legislature has spoken. If the Supreme Court wants to revisit this new statute and say that it cannot be applied retroactive, even though the statute in its plain language says it can, that's fine. This case will be remanded for sentencing. But the irony is I'm asked to apply obsolete, nonapplicable law and ignore new law. I know what I'm talking about. And that's just for the record for the appellate courts and appellate counsel. That's all that I'm saying here. So it is criminal history score B, objection noted, overruled."

Williams appealed his conviction and sentence to the Court of Appeals, arguing: (1) the district court erred in failing to address Williams' claim that his speedy trial rights were violated in his 2011 trial; and (2) the district court violated Williams' due process rights by imposing a vindictive sentence. The Court of Appeals rejected both claims. *State v. Williams*, No. 115,119, 2017 WL 2494954, at *1 (Kan. App. 2017). First, the panel rejected Williams' speedy trial claim holding the claim was barred by the doctrine of res judicata. 2017 WL 2494954, at *4-5. Then, the panel rejected Williams' vindictive sentence claim holding that a presumptive sentence on remand or resentencing cannot create a presumption of vindictiveness. 2017 WL 2494954, at *7. Williams petitioned for review, and the State cross-petitioned arguing that the Court of Appeals improperly reviewed a presumptive sentence when it lacked jurisdiction to do so. We granted review of both Williams' petition and the State's cross-petition.

After we granted review, Williams submitted a supplemental brief arguing he received an illegal sentence. Williams argued that his Mississippi conviction for unnatural intercourse was erroneously scored as a person felony. Williams claimed that under our decision in *State v. Wetrich*, 307 Kan. 552, 412 P.3d 984 (2018), his Mississippi conviction for unnatural intercourse was erroneously compared to Kansas'

5

crime of aggravated criminal sodomy because the elements of the crimes are not identical or narrower. Thus, he claims his prior Mississippi crime should have been scored as a nonperson offense.

The State contends we should not hear Williams' illegal sentence claim. Ultimately, we reject the State's argument and agree with Williams that the district court erred in scoring his Mississippi conviction as a person crime. We remand Williams' case for resentencing, rendering his vindictive sentence claim moot. As for Williams' speedy trial claim, we affirm the Court of Appeals as right for the wrong reason. See *State v. Williams*, 303 Kan. 585, 595, 363 P.3d 1101 (2016) (affirming judgment as right for the wrong reason).

ANALYSIS

Williams claims his conviction must be reversed because his statutory speedy trial rights were allegedly violated during his first trial. Williams suggests that upon the violation, he had a right to have the charges against him dismissed. And thus, everything that happened after his statutory speedy trial rights were allegedly violated is error and must be vacated by this court, including, of course, his 2015 conviction after retrial. See K.S.A. 22-3402(1) ("If any person charged with a crime and held in jail solely by reason thereof shall not be brought to trial within 90 days after such person's arraignment on the charge, such person shall be entitled to be discharged from further liability."). If the charges had been dismissed, Williams reasons the second trial and conviction would have never happened. We will exercise "unlimited review over a district court's legal rulings regarding violations of a defendant's statutory right to a speedy trial." *State v. Vaughn*, 288 Kan. 140, 143, 200 P.3d 446 (2009). To the extent we must interpret statutory language, we also exercise plenary review. *State v. Alvarez*, 309 Kan. 203, 205, 432 P.3d 1015 (2019).

6

For purposes of this discussion, we will assume without deciding that Williams' statutory speedy trial rights were violated during his first trial. Indeed, Williams' 2011 trial was continued six times, extending the period between Williams' arraignment and trial beyond the statutory 90 days required by K.S.A. 22-3402(1). The district court granted Williams' requests for continuances on December 6, 2010, February 28, 2011, March 14, 2011, and May 31, 2011. The court granted the State continuances on May 10, 2011, and May 31, 2011. But the trial court failed to make a record of these continuances.

As a general rule, issues not raised before the trial court cannot be raised on appeal. *State v. Kelly*, 298 Kan. 965, 971, 318 P.3d 987 (2014). Williams did not raise the issue during his first appeal from his first trial. Ordinarily, we might still be able to review an unpreserved claim of error if it satisfies one of our preservation exceptions. *State v. Dunn*, 304 Kan. 773, 819, 375 P.3d 332 (2016).

This claim of error is unique, however, in that the statute itself contains a kind of "reset" clause. The statute provides that "[i]n the event . . . a conviction is reversed on appeal to the supreme court or court of appeals, the time limitations provided for herein shall commence to run from the date the . . . mandate of the supreme court or court of appeals is filed in the district court." K.S.A. 22-3402(6). This plain and unambiguous language guides our interpretation of the statute. *State v. Ayers*, 309 Kan. 162, 163-64, 432 P.3d 663 (2019) ("[A] clear and unambiguous statute must be given effect as written.").

The plain language chosen by our Legislature makes it clear that the statutory speedy trial clock in a case resets and starts over as soon as an appellate court issues a mandate to reverse the first conviction. In a sense, then, a statutory speedy trial violation that goes uncomplained of on appeal is "cured" by an appellate court decision to reverse the conviction for other reasons and remand the case for a new trial. Thus, even if Williams is correct that during his first trial, the statutory speedy trial right was violated,

the statutory reset effectively started his statutory speedy trial clock over again at zero as soon as the Court of Appeals mandate was filed in the district court following his first appeal. As a matter of law, then, there can be no claim in his second appeal that Williams' statutory speedy trial rights were violated at his first trial.

Next, Williams claims in a supplemental brief that his sentence is illegal. Relying on our recent decision in *State v. Wetrich*, 307 Kan. 552, 412 P.3d 984 (2018), Williams argues the district court erred in scoring his Mississippi crime as a person felony, affecting his criminal history score and sentence. Williams asserts that because this rendered his sentence illegal, this court can review the issue at any time. See K.S.A. 2018 Supp. 22-3504.

The State replied by filing a supplemental brief arguing that *Wetrich* was a change in the law that cannot render Williams' sentence illegal if it was legal when pronounced. Williams responded that even if *Wetrich* is a change in the law, Williams should get the benefit of *Wetrich* because this is his direct appeal. In addition, the State also moved to strike Williams' supplemental brief. The State argued that Kansas Supreme Court Rule 8.03(b)(6)(C)(i) precludes us from reaching the issue because Williams did not raise the issue before the Court of Appeals or include it in his petition for review. See Supreme Court Rule 8.03(b)(6)(C)(i) (2019 Kan. S. Ct. R. 55) ("The Supreme Court will not consider issues not raised before the Court of Appeals or issues not presented or fairly included in the petition for review, cross-petition, or conditional cross-petition. The court, however, may address a plain error not presented."). And although our court makes exceptions for issues involving plain error, the State argues that this sentencing issue does not constitute plain error because there has been no showing that there will be an injustice or miscarriage of justice if we do not reach the issue.

We disagree. Subjecting a defendant to a longer sentence without a legal basis would be a miscarriage of justice. And barring claims seeking to correct such an error on

preservation grounds is inconsistent with our body of law surrounding illegal sentences. See, e.g., K.S.A. 2018 Supp. 22-3504(1) ("The court may correct an illegal sentence at any time."); *State v. Ford*, 302 Kan. 455, 471, 353 P.3d 1143 (2015) ("[I]t is generally true that changes in the law apply prospectively and only to cases on direct review."). Under the facts and circumstances of this case, Williams has correctly raised his sentencing issue and we review his challenge to his criminal history score exercising an unlimited standard of review. *Wetrich*, 307 Kan. at 555 ("Classification of prior offenses for criminal history purposes involves interpretation of the KSGA; statutory interpretation is a question of law subject to unlimited review.").

Our recent caselaw has explored the ability of defendants to challenge their sentences based on an incorrect criminal history score. Before hearing oral arguments on Williams' case, we revisited our interpretation of the "any time" provision in K.S.A. 22-3504:

> "the legality of a sentence under K.S.A. 22-3504 is controlled by the law in effect at the time the sentence was pronounced. The legality of a sentence is fixed at a discrete moment in time—the moment the sentence was pronounced. At that moment, a pronounced sentence is either legal or illegal according to then-existing law. Therefore, for purposes of a motion to correct an illegal sentence, neither party can avail itself of subsequent changes in the law." *State v. Murdock*, 309 Kan. 585, 591, 439 P.3d 307 (2019) (*Murdock II*).

Soon after, we announced that "*Wetrich* was a change in the law as contemplated by *Murdock II*." *State v. Weber*, 309 Kan. 1203, 1209, 442 P.3d 1044 (2019).

Thus, we agree with the State that *Murdock II* and *Weber* preclude Williams from arguing that he received an illegal sentence under K.S.A. 2018 Supp. 22-3504. At the time Williams was sentenced, out-of-state convictions were classified as nonperson or person crimes depending on whether Kansas had a "comparable" offense in effect on the

9

date the current crime was committed. K.S.A. 2015 Supp. 21-6811(e)(3) ("The state of Kansas shall classify the [out-of-state] crime as person or nonperson. In designating a crime as person or nonperson, comparable offenses under the Kansas criminal code in effect on the date the current crime of conviction was committed shall be referred to. If the state of Kansas does not have a comparable offense in effect on the date the current crime of conviction was committed, the out-of-state conviction shall be classified as a nonperson crime."); L. 2015, ch. 5, §§ 2 and 5 (effective April 2, 2015); cf. K.S.A. 2019 Supp. 21-6811(e)(3)(B) (altering the statutory language on designating an out-of-state felony as a person or nonperson crime). At the time of Williams' sentencing in July 2015, the meaning of "comparable" was defined as the "closest approximation." *State v. Williams*, 299 Kan. 870, 873-74, 326 P.3d 1070 (2014); *State v. Vandervort*, 276 Kan. 164, 179, 72 P.3d 925 (2003) ("For purposes of determining criminal history, the offenses need only be comparable, not identical.").

Under this standard of "comparable," Williams' Mississippi unnatural intercourse conviction was comparable to aggravated criminal sodomy, a person felony. According to our decision in *Murdock II*, Williams cannot argue *Wetrich* makes his sentence, which was legal when it was imposed, illegal. See *State v. Newton*, 309 Kan. 1070, 1073-74, 442 P.3d 489 (2019).

But claiming an illegal sentence under K.S.A. 2018 Supp. 22-3504 is not a defendant's only recourse. "[A] party may seek and obtain the benefit of a change in the law during the pendency of a direct appeal." *Murdock II*, 309 Kan. at 591-92 (distinguishing parties who may benefit from a change in the law during the pendency of direct appeal from parties moving to correct an illegal sentence who are stuck with the law in effect at the time the sentence was pronounced). And while Williams' case was pending on direct appeal, a change in our law occurred regarding the definition of "comparable" as stated in K.S.A. 2015 Supp. 21-6811(e)(3). In *Wetrich*, our court decided that

"[f]or an out-of-state conviction to be comparable to an offense under the Kansas criminal code, the elements of the out-of-state crime cannot be broader than the elements of the Kansas crime. In other words, the elements of the out-of-state crime must be identical to, or narrower than, the elements of the Kansas crime to which it is being referenced." 307 Kan. at 562.

Even though we had yet to clarify that *Wetrich* was a change in our law, Williams correctly points out that if *Wetrich* was a change in the law, Williams should still benefit from *Wetrich* because he is on direct appeal. As a result, in order to avoid a sentencing *error* (as opposed to an illegal sentence), the elements of Williams' Mississippi unnatural intercourse offense must be identical to or narrower than those of Kansas' aggravated criminal sodomy under K.S.A. 2010 Supp. 21-3506. See K.S.A. 2015 Supp. 21-6811(e)(3) ("In designating a crime as person or nonperson, comparable offenses under the Kansas criminal code in effect on the date the current crime of conviction was committed shall be referred to."); *Wetrich*, 307 Kan. at 562 ("[T]he elements of the out-of-state crime must be identical to, or narrower than, the elements of the Kansas crime to which it is being referenced.").

In 1980, when Williams was convicted of unnatural intercourse, Mississippi's statute stated:

"§ 97-29-59. Unnatural intercourse.
Every person who shall be convicted of the detestable and abominable crime against nature committed with mankind or with a beast, shall be punished by imprisonment in the penitentiary for a term of not more than ten years." Miss. Code Ann. § 97-29-59 (1972).

The district court did not reveal any details from Williams' Mississippi conviction. The district court's determination that Kansas' aggravated criminal sodomy was the comparable offense appears to be solely based on the presentence investigation report's

11

recommendation that the charge of unnatural intercourse was equivalent to Kansas' offense of aggravated criminal sodomy. When Williams committed the current crime of conviction—unintentional second-degree murder—Kansas defined aggravated criminal sodomy as:

"(a) Aggravated criminal sodomy is:

(1) Sodomy with a child who is under 14 years of age;

(2) causing a child under 14 years of age to engage in sodomy with any person or an animal; or

(3) sodomy with a person who does not consent to the sodomy or causing a person, without the person's consent, to engage in sodomy with any person or an animal, under any of the following circumstances:

(A) When the victim is overcome by force or fear;

(B) when the victim is unconscious or physically powerless; or

(C) when the victim is incapable of giving consent because of mental deficiency or disease, or when the victim is incapable of giving consent because of the effect of any alcoholic liquor, narcotic, drug or other substance, which condition was known by the offender or was reasonably apparent to the offender.

"(b) It shall be a defense to a prosecution of aggravated criminal sodomy under subsection (a)(1) that the child was married to the accused at the time of the offense.

"(c) Except as provided further, aggravated criminal sodomy is a severity level 1, person felony. Aggravated criminal sodomy as described in subsection (a)(1) or (a)(2) or attempt, conspiracy or criminal solicitation to commit aggravated criminal sodomy as described in subsection (a)(1) or (a)(2), when the offender is 18 years of age or older, is an off-grid person felony.

12

"(d) If the offender is 18 years of age or older, the provisions of:

(1) Subsection (c) of K.S.A. 21-3301, and amendments thereto, shall not apply to a violation of attempting to commit the crime of aggravated criminal sodomy as described in subsection (a)(1) or (a)(2);

(2) subsection (c) of K.S.A. 21-3302, and amendments thereto, shall not apply to a violation of conspiracy to commit the crime of aggravated criminal sodomy as described in subsection (a)(1) or (a)(2); and

(3) subsection (d) of K.S.A. 21-3303, and amendments thereto, shall not apply to a violation of criminal solicitation to commit the crime of aggravated criminal sodomy as described in subsection (a)(1) or (a)(2)." K.S.A. 2010 Supp. 21-3506.

The State argues we cannot make a comparison between Mississippi's unnatural intercourse offense and Kansas' aggravated criminal sodomy offense because the district court never determined how Williams committed the offense of unnatural intercourse. Mississippi's statute criminalizes "crime against nature committed with mankind *or* with a beast." (Emphasis added.) Miss. Code Ann. § 97-29-59 (1972). The State argues that to determine whether Kansas has a comparable statute, the district court must examine the facts of Williams' Mississippi conviction.

We first note that if the out-of-state crime in question has alternative means, it is the State's burden to establish that the defendant committed a version of the offense supporting the person classification.

"On appeal, the district court's finding that the State met its crime classification burden must be supported by substantial competent evidence to withstand scrutiny. 290 Kan. at 162. The presentence investigation summary frequently can satisfy the State's burden absent defendant's objection, but more is required when the summary does not indicate which version of the out-of-state offense the defendant committed. See K.S.A. 2018 Supp. 21-6814(b), (c). And failing additional proof, the person-crime classification

13

is erroneous as a matter of law. See *Wetrich*, 307 Kan. at 562 (elements of out-of-state offense must be identical to, or narrower than, elements of Kansas comparator)." *State v. Obregon*, 309 Kan. 1267, 1275, 444 P.3d 331 (2019).

But even if the State were to have presented evidence of which version of unnatural intercourse Williams committed, comparing the offense of unnatural intercourse to aggravated criminal sodomy under K.S.A. 2010 Supp. 21-3506 would still be erroneous under *Wetrich*.

Mississippi's unnatural intercourse offense criminalizes "the detestable and abominable crime against nature committed with mankind or with a beast." Miss. Code Ann. § 97-29-59 (1972). The element of committing "the detestable and abominable crime against nature" has been broadly defined by the State of Mississippi as encompassing the behavior of oral and anal sex. See *Miller v. State*, 636 So. 2d 391, 396 (Miss. 1994); *State v. Davis*, 223 Miss. 862, 864, 79 So. 2d 452 (1955). Thus, there are two ways a defendant can be convicted—a defendant may perform these acts on a human or animal.

Applying *Wetrich*'s "identical or narrower" elements test, it is plain that the Mississippi statute is broader than the Kansas statute. We do not feel it is necessary to explore the detailed ways the Mississippi statute criminalizes behavior that is not proscribed by Kansas law. Simply put, because Williams' case is pending on direct appeal, he is entitled to the benefit of a change in the law. Because *Wetrich* changed the law governing Williams' sentence, even though *Wetrich* did not render that sentence illegal, it did render Williams' sentence erroneous. Accordingly, Williams' sentence is vacated and remanded for resentencing in a manner consistent with this opinion. Given this, we find Williams' vindictive sentence argument moot.

14

Affirmed in part, reversed in part, and remanded with directions.

JOHNSON, J., not participating.[1]

---

[1]**REPORTER'S NOTE:** Justice Lee A. Johnson heard oral arguments but did not participate in the final decision in case No. 115,119. Justice Johnson retired effective September 6, 2019.