IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 128,161

In the Interest of K.R.,
a Minor Child.

SYLLABUS BY THE COURT

K.S.A. 38-2269 permits a district court to terminate parental rights only after first finding by clear and convincing evidence that the parent is unfit and that the conduct or condition of unfitness is unlikely to change in the foreseeable future. Absent these statutorily required findings, the district court lacks authority to terminate parental rights.

Review of the judgment of the Court of Appeals in an unpublished opinion filed July 25, 2025. Appeal from Reno District Court; TRISH ROSE, judge. Oral argument held December 15, 2025. Opinion filed January 16, 2026. Judgment of the Court of Appeals affirming the district court is reversed. Judgment of the district court is reversed, and the case is remanded with directions.

*Candace S. Bridgess*, of Kansas Legal Services, Inc., of Hutchinson, argued the cause and was on the briefs for appellant.

*Jamie L. Karasek*, assistant district attorney, argued the cause, and *Thomas Stanton*, district attorney, was with her on the brief for appellee.

The opinion of the court was delivered by

STANDRIDGE, J.: Mother appeals the Reno County District Court's second order terminating her parental rights to her five-year-old son, K.R. After the Court of Appeals reversed the first termination order, which was entered by default, the district court held an evidentiary hearing on remand and again ordered termination. A different Court of

1

Appeals panel affirmed the order of termination, finding clear and convincing evidence that Mother is unfit to parent K.R., that her unfitness is unlikely to change in the foreseeable future, and that termination is in K.R.'s best interests. This court granted Mother's expedited petition for review to consider only whether the panel erred in affirming termination without a finding by the district court that her unfitness was unlikely to change in the foreseeable future.

For the reasons discussed below, we conclude the district court erred in terminating Mother's parental rights without first making a finding that her unfitness was unlikely to change in the foreseeable future, a finding that is expressly required by K.S.A. 38-2269(a). Because that finding is a prerequisite to a best-interests determination, the termination order cannot stand. We therefore reverse and remand to the district court for further proceedings consistent with K.S.A. 38-2269(a) and this court's precedent.

FACTUAL AND PROCEDURAL BACKGROUND

On July 24, 2021, Mother left K.R., who was 10 months old at the time, in the care of his paternal grandmother at her place of employment. Mother gave no indication when she would return for K.R. On July 26, 2021, the grandmother contacted the Hutchinson Police Department and reported concerns for K.R.'s safety because Mother had repeatedly dropped the child off and disappeared for an unknown length of time, and there were concerns she was abusing drugs.

The State filed a child in need of care petition the next day, and the district court placed K.R. into the temporary custody of the Kansas Department for Children and Families on July 28, 2021. On August 10, 2021, the district court adjudicated K.R. a child in need of care. St. Francis Ministries (SFM), a nonprofit agency that contracts to provide child and family services, received the referral to provide case management services. K.R. has remained in a kinship placement with his paternal grandmother throughout this

2

case.

The first case planning conference was held on August 16, 2021. The permanency goal was reintegration and the case plan goals for Mother were for her to be drug free, maintain mental health services, and provide a home where K.R.'s needs would be met 100% of the time.

On January 13, 2022, SFM issued a notice for a second case planning conference. The notice advised that the permanency goal had been changed to adoption. The case planning conference took place as scheduled on January 27, 2022, and as stated in the notice for the conference, the new permanency goal was adoption. SFM's reason for changing the permanency goal from reintegration to adoption was Mother's "[l]ack of progress on case plan tasks."

The first permanency hearing was held on July 7, 2022. At the hearing, the court determined reintegration was no longer a viable goal and approved the permanency alternative of adoption.

The termination hearing was scheduled for August 31, 2022. On the day of the hearing, Mother's boyfriend called the court to report that she had COVID. The court requested Mother provide proof of illness by showing a positive test from a pharmacy or clinic before issuing a continuance. Mother brought in a test showing she was negative for COVID. The court ordered Mother to submit to a urinalysis at court services. Mother left the courthouse without undergoing a urinalysis and did not return. After she left, the district court found Mother unfit, adopted the State's allegations as its findings without receiving any evidence, and terminated her parental rights. Mother appealed this default termination order. Adoption proceedings were put on hold while the appeal was pending.

In December 2022, while the first appeal was pending, Mother was arrested and charged with misdemeanor and felony drug crimes. In March 2023, she was released on bond with the condition that she complete inpatient substance abuse treatment and continue with any after-care recommendations. Mother completed a month-long inpatient treatment program in April 2023. Afterward, she moved into a sober-living house. The record reflects she was still at the sober-living house when she testified at the second termination hearing on March 26, 2024. This particular sober-living house does not allow children or visitors.

In July 2023, a Court of Appeals panel reversed the termination order on grounds that the district court denied Mother proper due process by granting a default judgment in a termination proceeding without receiving evidence as required by the applicable statute, K.S.A. 38-2248(f). The panel remanded to the district court with directions to conduct a proper evidentiary hearing on the termination of Mother's parental rights. *In re K.R.*, No. 125,712, 2023 WL 4677010, at *3-5 (Kan. App. 2023) (unpublished opinion).

On October 5, 2023, the permanency case plan was changed to reflect a goal of reintegration with a concurrent plan of adoption. The case plan reflects Mother had been drug-free for nine months, and had maintained stable housing, employment, and mental health services for six months. Yet case management services for Mother remained largely stagnant from August 2023 through July 2024, when the second order terminating parental rights was issued. The record suggests the agencies and the district court were waiting to see how the second termination proceeding would resolve before making any renewed efforts towards visitation and reintegration.

A different district court judge presided over the post-remand termination hearing and received evidence over the course of two days, on January 10, 2024, and March 26, 2024. On January 10, 2024, the State called five witnesses to testify about their

4

interactions with Mother and K.R. and offered several exhibits that were admitted into evidence. The district court took judicial notice of reintegration, adoption, and post-remand case plans ranging in dates from August 16, 2021, to October 5, 2023.

On March 26, 2024, Mother and her mental health service provider testified about her positive progress in the 9- to 11-month period after inpatient treatment, including: maintaining sobriety, obtaining stable housing for herself in a sober-living setting, attending therapy for mental health issues, completing several parenting classes, consistently working, and saving up money to buy a car that could eventually be used for transportation. The court did not issue any verbal rulings from the bench and instead asked the parties to submit proposed findings later, which both the State and Mother did.

On July 9, 2024, the district court filed an amended order granting the State's petition to terminate Mother's parental rights to K.R., which included 21 findings of fact, and conclusions of law based on those findings. The order found Mother unfit to properly care for K.R. because of her history of drug use, the failure of reasonable efforts by public and private agencies to rehabilitate the family, her failure to adjust her condition or circumstances to meet K.R.'s needs, and her failure to carry out reasonable court-approved reintegration plans. Based on these factors of unfitness, the district court found termination was in K.R.'s best interests.

Relevant here, the July 9, 2024, termination order lacked a finding or conclusion of law that Mother's unfitness was unlikely to change in the foreseeable future. See K.S.A. 38-2269(a) ("[T]he court may terminate parental rights . . . when the court finds by clear and convincing evidence that the parent is unfit by reason of conduct or condition which renders the parent unable to care properly for a child and the conduct or condition is unlikely to change in the foreseeable future.").

5

Mother appealed. A different Court of Appeals panel affirmed the district court's second termination order after finding the State presented clear and convincing evidence upon which a reasonable factfinder could conclude that Mother is unfit to parent K.R. and that her unfitness was unlikely to change in the foreseeable future. The panel also held the district court did not abuse its discretion in finding termination was in K.R.'s best interests. *In re K.R.*, No. 128,161, 2025 WL 2091794, at *1 (Kan. App. 2025) (unpublished opinion).

We granted Mother's petition for review to consider whether the panel erred in affirming the district court's decision to terminate her parental rights without first making a finding that her unfitness was unlikely to change in the foreseeable future, as required by K.S.A. 38-2269(a).

PRESERVATION

Before turning to the merits, we address whether Mother's issue as presented in her petition for review was preserved for our review.

Kansas Supreme Court Rule 8.03(b)(6)(C)(i) provides that this court "will not consider issues not raised before the Court of Appeals," but it expressly preserves this court's authority to "address a plain error not presented." (2025 Kan. S. Ct. R. at 56). Preservation under this rule is prudential rather than jurisdictional, and its application ultimately rests within this court's discretion. *In re M.F.*, 312 Kan. 322, 334-35, 475 P.3d 642 (2020).

Thus, the question is whether the issue raised in Mother's petition for review was fairly included in her challenge before the Court of Appeals or whether the panel's decision to affirm the district court's order of termination in the absence of a statutorily

6

required finding constitutes plain error warranting review despite imperfect preservation.

*Mother's brief in the Court of Appeals*

We acknowledge that Mother's brief to the Court of Appeals framed the foreseeability element primarily as a challenge to the sufficiency of the evidence, rather than expressly as a failure by the district court to make a required statutory finding. The Court of Appeals and the State both addressed the issue through that evidentiary lens.

But that does not end the inquiry. In *In re M.F.*, this court emphasized that preservation does not demand technical precision where a party has consistently invoked the governing statute and challenged the propriety of the district court's ruling under it. 312 Kan. at 334-35. There, we were willing to overlook "earlier changeability and lack of clarity" in the briefing because the appellant's challenge to the ruling "inevitably demand[ed] at least some examination of the legal framework" employed by the district court. 312 Kan. at 335.

The same is true here. From the start, Mother invoked K.S.A. 38-2269(a), which permits termination only upon findings that the parent is unfit and that the unfitness is unlikely to change in the foreseeable future. Her appellate challenge consistently contested the district court's authority to terminate on the ground that the foreseeability element had not been properly established. Whether framed as "insufficient evidence" or "improper termination," that challenge necessarily presupposes compliance with the statutory framework governing termination.

Indeed, a sufficiency challenge to a statutorily required element cannot meaningfully be separated from the legal requirement that the element be expressly found. If the district court did not make the required finding at all, the question is no

longer one of evidentiary sufficiency but of legal error. Mother's petition for review brought that defect into sharp focus, arguing that the district court "made no finding whatever" on foreseeability and that termination therefore rested on an incomplete statutory analysis.

We conclude that the legal issue addressed today was fairly included in Mother's appellate challenge to the termination order, even if not articulated with the precision later achieved in her petition for review. See *In re M.F*, 312 Kan. at 334-35.

*Plain error*

Even if the absent finding issue was not fairly included in Mother's appeal, we would nevertheless reach it under the plain-error authority expressly preserved by Rule 8.03(b)(6)(C)(i). Plain error review is appropriate where declining review would result in a miscarriage of justice or undermine the integrity of the judicial process. *State v. Williams*, 311 Kan. 88, 93-94, 456 P.3d 540 (2020). In *Williams*, we rejected a preservation bar where a defendant was subjected to a prison sentence "without a legal basis," concluding that such an error warranted correction notwithstanding imperfect preservation. 311 Kan. at 94.

Termination of parental rights presents a comparable—indeed, more profound— concern. A parent's interest in the care, custody, and control of their children is a fundamental liberty interest protected by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. When the State initiates a parental rights termination proceeding, it seeks not merely to infringe that fundamental liberty interest, but to end it. *Santosky v. Kramer*, 455 U.S. 745, 759, 102 S. Ct. 1388, 71 L. Ed. 2d 599 (1982); *In re B.D.-Y.*, 286 Kan. 686, 697-98, 187 P.3d 594 (2008). Because of the gravity and finality of termination, the Legislature has required strict adherence to the statutory

requirements authorizing that remedy. See K.S.A. 38-2269(a). Accordingly, K.S.A. 38-2269(a) permits a district court to terminate parental rights only after first finding by clear and convincing evidence that the parent is unfit and that the unfitness is unlikely to change in the foreseeable future.

Without the statutorily required findings in K.S.A. 38-2269(a), a district court lacks authority to terminate parental rights. Allowing such an order to stand would deprive Mother of her fundamental liberty interest in the care, custody, and control of her child, a result incompatible with the Due Process Clause's demand for fundamentally fair procedures before parental rights may be terminated. See *Santosky*, 455 U.S. at 758-59 ("'A parent's interest in the accuracy and justice of the decision to terminate his or her parental status is, therefore, a commanding one.'"); *In re B.D.-Y.*, 286 Kan. at 697-98. As in *Williams*, declining review on preservation grounds in that circumstance would risk a miscarriage of justice.

In sum, we conclude the issue Mother presented in her petition for review was fairly included in her appellate challenge and further constitutes plain error warranting review. Thus, Rule 8.03(b)(6)(C)(i) does not bar our consideration of the claim Mother raises in her petition that the district court failed to make the statutorily required foreseeability finding.

ANALYSIS

In her petition for review, Mother identifies two closely related errors on appeal concerning the statutory requirement that the district court find her unfitness was unlikely to change in the foreseeable future under K.S.A. 38-2269(a).

First, Mother asserts that the district court failed to make the required statutory finding at all. She acknowledges that the court expressly found her unfit but contends it "made no finding whatever" as to whether that condition was unlikely to change in the foreseeable future and instead "simply skipped that requirement." She characterizes this omission as plain error of law because a foreseeability finding is a statutory prerequisite to termination and cannot be presumed or inferred.

Second, Mother argues that the Court of Appeals compounded that error by affirming as though the missing finding had been made or could be determined on appeal. According to Mother, rather than recognizing the omission and remanding with instructions for the district court to make that finding, the panel treated the district court's order as if it contained the requisite foreseeability determination, then performed its own analysis to affirm the nonexistent finding. Mother maintains this exceeded the proper role of an appellate court, which may review findings made by the district court but may not make its own findings or rewrite the trial court's order to include an omitted statutory prerequisite.

We address each claim of error in the order Mother presented to the panel.

*The district court made no foreseeability finding.*

K.S.A. 38-2269(a) permits a district court to terminate parental rights only after first finding by clear and convincing evidence that the parent is unfit and that the unfitness is unlikely to change in the foreseeable future. Consistent with this statute, our caselaw articulates a two-step analysis that first identifies any factors of unfitness and then asks whether those factors are unlikely to change in the foreseeable future, requiring both determinations to be supported by clear and convincing evidence. See, e.g., *In re K.W.D.*, 321 Kan. 100, 110, 573 P.3d 221 (2025) (discussing two-part test for unfitness

10

and foreseeable future criteria); *In re D.G.*, 319 Kan. 446, 452, 459, 555 P.3d 719 (2024) (analyzing factors of unfitness separate from foreseeable future analysis). Application of the highest standard of proof in civil proceedings for both the unfitness and foreseeable future findings protects the fundamental right at stake. See *Santosky*, 455 U.S. at 769, (The State may extinguish the legal bond between a parent and a child only upon clear and convincing proof of parental unfitness.); *In re B.D.-Y.*, 286 Kan. at 705-06 (adopting the same evidentiary standard on appellate review in child of need of care cases).

Prior Court of Appeals decisions also recognize an express foreseeable future finding as required, even when this finding is treated as part of the district court's overall unfitness determination. See, e.g., *In re M.H.*, 50 Kan. App. 2d 1162, 1170, 337 P.3d 711 (2014) ("In addition to finding that clear and convincing evidence supported one or more statutory bases for terminating Father's rights, the district court also had to find that Father's unfitness to parent was unlikely to change in the foreseeable future."); *In re R.S.*, 50 Kan. App. 2d 1105, 1112-13, 336 P.3d 903 (2014) (treating foreseeable future finding as part of district court's unfitness findings but applying clear and convincing evidence standard to all conclusions on parental fitness); *In re S.D.*, 41 Kan. App. 2d 780, 790-91, 204 P.3d 1182 (2009) (reviewing evidence in record to support district court's separate finding that mother's condition of unfitness would not change in the foreseeable future).

While closely intertwined, these two criteria have distinct analyses that differ in source, substance, and temporal dimension. To determine whether a parent is unfit, the district court considers whether a present conduct or condition renders the parent unable to properly care for the child. In conducting this analysis, the statute requires the court to consider a nonexclusive list of potential factors of unfitness, as applicable. K.S.A. 38-2269(b); see also K.S.A. 38-2269(c) (listing additional factors when child is not in parent's physical custody).

In contrast, the statute does not set forth specific factors to inform a foreseeable future finding. Yet the plain language of the statute requires the court to consider whether a parent's presently identified conduct or condition of unfitness can reasonably be expected to change in the foreseeable future. See K.S.A. 38-2269(a). Kansas courts assess the "foreseeable future" from the child's perspective, recognizing that children experience time differently than adults and delays that may seem brief to an adult can be significant to a child. Kansas law therefore emphasizes prompt permanency for children within a time frame reasonable to them. See K.S.A. 38-2201(b)(4). In making this assessment, courts may consider a parent's past conduct as a predictor of future behavior and may give greater weight to demonstrated actions than to stated intentions. *In re D.G.*, 319 Kan. at 459.

With this statutory framework and caselaw in mind, we turn to the district court's termination order to determine whether it satisfied K.S.A. 38-2269(a)'s requirement that the court make both findings—of parental unfitness and that the unfitness is unlikely to change in the foreseeable future—by clear and convincing evidence.

The July 2024 termination order contains factual findings, conclusions of law, and a final decision. The district court's factual findings outline the history of the case and Mother's participation in services over time. They describe K.R.'s removal and placement in out-of-home care; Mother's early struggles with substance use, instability, and inconsistent engagement with visitation and treatment; and the eventual change in the case plan from reintegration to adoption. The findings also note Mother's later progress, including completion of inpatient treatment, negative drug tests, participation in mental health therapy, completion of parenting classes, and employment at the time of trial.

The district court's legal conclusions begin by reciting the basic legal framework for termination but cites to the wrong governing statute, referencing K.S.A. 38-2266

12

(request for termination of parental rights) instead of K.S.A. 38-2269(b) (factors to be considered in termination of parental rights). Even so, the court's statement of law correctly notes that termination "requires a finding by clear and convincing evidence that the parent is both unfit and the parent's unfitness is unlikely to change in the foreseeable future, followed by a determination . . . that termination of parental rights is in the child's best interest."

After reciting the legal framework, the district court concludes as a matter of law that "Mother is unfit by reason of conduct or condition to properly care for K.D." and cites the following reasons to support its conclusion:

> "A. Mother's use of narcotics and/or dangerous drugs is of such duration or nature as to render mother unable to care for the ongoing physical, mental or emotional needs of the child. Mother's drug usage continued for 17 months after K.R. was removed from her home.
>
> "B. Reasonable efforts made by appropriate public or private agencies to rehabilitate the family have failed. Mother attended only one of three case planning conferences held prior to the hearing on August 31, 2022. Mother failed to meet the goals outlined in the case plans.
>
> "C. From July 2021 to December 2022, lack of effort on the part of mother to adjust her circumstances, conduct or conditions to meet the needs of the child. Mother consistently used illegal drugs from K.R.'s original out of home placement until she was arrested on felony charges and was incarcerated. Mother failed to find suitable housing. Mother failed to provide a home where K.R.'s needs would be met 100% of the time.
>
> "D. Mother has failed to carry out a reasonable plan approved by the court directed toward reintegration of the child. SFM prepared case plans with goals for mother to complete. Mother failed to complete those goals by July 2022 when the court found reintegration was no longer viable."

Following its findings of fact and conclusions of law, the district court concluded its order by summarizing its decision:

13

"At the time of the conclusion of the evidentiary hearing March 26, 2024, K.R. had been in out of home placement for 32 months. K.R. was 10 months old when he was removed from mother's custody. Mother has made remarkable progress since December of 2022. She has remained sober. She has been consistent with mental health therapy. She has obtained employment. She has had consistent housing. However, the positive changes mother has made did not occur until 17 months after K.R. was removed from her custody. Even as of March, 2024, 32 months after K.R. was removed, mother did not have housing for K.R. The State has sustained the burden of presenting clear and convincing evidence that mother's parental rights should be terminated. After giving primary consideration to the physical, mental and emotional health of K.R. the court finds termination of parental rights is in the best interest of K.R. As the Court of Appeals poignantly stated in *In the Interest of A.A.*, 38 Kan. App. 2d 1100 (2008):

'Cases like this are difficult ones. A parent may be labeled "unfit" under the law even though he or she loves the child and wants to do the right thing, which may be the case here. But we must judge these cases based mostly upon actions, not intentions, and we must keep in mind that a child deserves to have some final resolution within a time frame that is appropriate from that child's sense of time.'

"The petition to terminate parental rights is granted."

Having set forth the district court's conclusions of law and final decision in full, we turn to whether the order contains the legal findings required by K.S.A. 38-2269(a). We conclude the order fails to meet the statutory requirements for termination. Although the court correctly recited the legal standard for termination, the court found only that Mother "is unfit" under four statutory factors and did not make any finding—as expressly required by the plain language in K.S.A. 38-2269(a)—that the conduct or condition rendering Mother unfit was unlikely to change in the foreseeable future. In short, the district court (1) accurately described the statutory test, (2) made findings and

14

conclusions supporting unfitness, (3) made a best-interests determination, but (4) never made the intermediate, statutorily required foreseeability finding that authorizes termination under K.S.A. 38-2269(a).

*The panel erred by affirming termination without the required foreseeability finding.*

Despite the district court's failure to make the statutorily required foreseeability finding that authorizes termination under K.S.A. 38-2269(a), the Court of Appeals affirmed on the premise that the district court had already made the requisite foreseeability finding. In describing the amended order, the panel stated that "[t]he district court also found that these conditions were unlikely to change in the foreseeable future." *In re K.R.*, 2025 WL 2091794, at *2. Later, after discussing the "[l]ikelihood of change in foreseeable future," the panel concluded:  "Hence, when considering this question from K.R.'s perspective of time, we find that the district court did not incorrectly find that Mother's inability to properly care for K.R. 'is unlikely to change in the foreseeable future.'" 2025 WL 2091794, at *5-6.

But the panel's conclusion relies on a faulty premise:  that the district court made a foreseeability finding. It did not. The district court simply moved from the unfitness finding to the best-interests determination/termination without making any finding whatsoever that Mother's unfitness was unlikely to change in the foreseeable future. By affirming as though the finding existed, the panel necessarily supplied the missing determination itself. Because K.S.A. 38-2269(a) requires that the district court find both unfitness and lack of foreseeable change before parental rights may be terminated, and because the district court's order contains no such foreseeability finding, we must reverse the order of termination.

15

We emphasize the narrowness of our holding. We do not resolve disputed facts, reweigh evidence, or decide whether Mother's unfitness is, in fact, unlikely to change in the foreseeable future. We hold only that the district court needed to explicitly make that finding before proceeding to the best-interests determination and did not do so. Remedying that omission by remand respects both the statutory scheme and the district court's role as factfinder. Thus, the appropriate disposition on these narrow grounds is to reverse the order of termination and remand for further proceedings consistent with K.S.A. 38-2269(a) and this court's precedent.

Because we are reversing the termination order, Mother's parental rights are restored, and the case returns to the posture that existed before termination was entered. The district court may not cure the legal defect identified here by retroactively supplying findings based on an outdated record. If the State seeks termination following remand, it must proceed in accordance with the statutory framework and establish, based on evidence reflecting current circumstances, that Mother is unfit and that any such unfitness is unlikely to change in the foreseeable future. Termination may not rest on stale evidence or findings made under materially different circumstances.

In closing, this case serves as a reminder that termination proceedings arise from difficult and deeply consequential circumstances and require strict adherence to the statutory framework governing the termination of parental rights. Courts are entrusted with administering that framework precisely, consistent with both the letter of the law and the policy of the State. Here, the district court failed on two separate occasions to adhere to the statutory requirements for termination, the first on August 31, 2022, and the second almost two years later on July 9, 2024. Regrettably, we must acknowledge that the district court's legal errors resulted in violations of Mother's constitutional right to due process and significantly delayed permanency for K.R. for several years.

CONCLUSION

The order terminating Mother's parental rights is reversed, and the matter is remanded to the district court for further proceedings consistent with K.S.A. 38-2269(a) and this court's precedent. Upon remand, this matter must be expedited.

Judgment of the Court of Appeals affirming the district court is reversed. Judgment of the district court is reversed, and the case is remanded with directions.

LUCKERT, J., not participating.