IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 124,626

STATE OF KANSAS,
*Appellee*,

v.

BRYAN CURTIS DANIELS JR.,
*Appellant*.

SYLLABUS BY THE COURT

1.

A defendant's admission to their criminal history as set forth in the presentence investigation report relieves the State from having to produce additional evidence to support criminal history for sentencing purposes, and the admission includes a prior crime's person/nonperson classification as set forth in the presentence investigation report.

2.

K.S.A. 21-6814 contemplates procedures at two stages of a criminal case: (1) the time before the sentencing judge establishes the defendant's criminal history for purposes of sentencing; and (2) any time after.

3.

K.S.A. 21-6814(c) requires an offender seeking to challenge their previously established criminal history to prove their criminal history by a preponderance of the evidence.

1

Review of the judgment of the Court of Appeals in an unpublished opinion filed January 6, 2023. Appeal from Sedgwick District Court; CHRISTOPHER M. MAGANA, judge. Oral argument held December 14, 2023. Opinion filed August 30, 2024. Judgment of the Court of Appeals affirming the district court is affirmed. Judgment of the district court is affirmed.

*Hope Faflick Reynolds*, of Kansas Appellate Defender Office, argued the cause and was on the briefs for appellant.

*Lance J. Gillett*, assistant district attorney, argued the cause, and *Marc Bennett,* district attorney, *Derek Schmidt*, former attorney general, and *Kris W. Kobach*, attorney general, were with him on the briefs for appellee.

The opinion of the court was delivered by

WILSON, J.: In this criminal case, we consider whether a criminal defendant's previous conviction was misclassified for sentencing purposes. Bryan Curtis Daniels Jr. claims a Georgia conviction for burglary was misclassified by the district court as a person felony. A Court of Appeals panel affirmed the district court. We affirm.

FACTS AND PROCEDURAL BACKGROUND

*District Court Proceedings*

In March 2021, Bryan Curtis Daniels Jr. pled guilty to two counts of aggravated assault with a deadly weapon and one count of domestic battery. The court accepted the plea and ordered a presentence investigation (PSI) report. The PSI report indicated Daniels had a criminal history of "C." It listed his 11 previous convictions, including 2 felonies—one classified as person and one as nonperson. The person felony was a 2003 burglary conviction in Georgia under Ga. Code Ann. § 16-7-1. The PSI report did not

2

include any information concerning the Georgia burglary conviction beyond the applicable Georgia statute and the conviction's classification as an adult person felony.

At sentencing, Daniels did not notify the court or the State of any errors on his criminal history worksheet. Further, he admitted his criminal history was correct. The court then sentenced Daniels accordingly. The sentencing hearing did not include information on the details of Daniels' 2003 Georgia burglary conviction.

*Appellate Proceedings*

On appeal, Daniels argued for the first time that he received an illegal sentence because the 2003 Georgia conviction should not have been scored as a person felony. *State v. Daniels*, No. 124,626, 2023 WL 119910, at *1 (Kan. App. 2023) (unpublished opinion). Since Daniels agreed to his criminal history at sentencing, the panel initially concluded he had the burden to prove on appeal the criminal history was incorrect. However, accepting without deciding Daniels' assertion that the criminal history may have been illegal based solely on an error of law, the panel looked further. Interpreting K.S.A. 21-6811(e)(3)(B), the panel held the district court had not committed an error of law and affirmed the court's conclusion that Daniels' Georgia felony conviction was properly classified in Kansas as a person felony.

The panel's opinion was issued on January 6, 2023. On May 5, 2023, we published *State v. Busch*, 317 Kan. 308, 528 P.3d 560 (2023). In *Busch*, this court interpreted K.S.A. 21-6811(e)(3)(B), as it applied to other out-of-state convictions. After granting Daniels' petition for review, we ordered the parties to brief how *Busch* applied to his claims. Both parties filed supplemental briefs.

Jurisdiction is proper. See K.S.A 20-3018(b) (providing for petitions for review of Court of Appeals decisions); K.S.A. 60-2101(b) (The Supreme Court has jurisdiction to review Court of Appeals decisions upon petition for review.).

ANALYSIS

Daniels argues that the Georgia burglary statute under which he was previously convicted contemplates the possibility that the building burgled is not a residence; thus, because the building may have been a nonresidence, his conviction must be classified as a nonperson crime as a matter of law for sentencing. Since the district court scored his burglary conviction as a person felony, Daniels claims he received an illegal sentence.

*Daniels cannot show as a matter of law that his Georgia crime of conviction was a nonperson crime.*

Daniels asserts his Georgia burglary conviction was misclassified as a person offense as a matter of law. (He does not contest the offense's classification as a felony, so the "felony" classification is not at issue.) Daniels recognizes that he admitted to the accuracy of the criminal history set forth in the PSI report, but argues the facts are irrelevant, and he cannot stipulate to or agree upon an illegal sentence. *State v. Lehman*, 308 Kan. 1089, 1093, 427 P.3d 840 (2018). Daniels asserts he "only challenges the legal significance of his Georgia burglary conviction—not its existence."

Whether a sentence is illegal presents a question of law, which allows this court unlimited review. *State v. Hayes*, 312 Kan. 865, 867, 481 P.3d 1205 (2021). The classification of a conviction for sentencing purposes as person or nonperson necessarily "involves interpretation of the revised Kansas Sentencing Guidelines Act (KSGA)." Like

4

the legality of a sentence, statutory interpretation is a question of law over which we have unlimited review. *State v. Bryant*, 310 Kan. 920, 921, 453 P.3d 279 (2019).

Daniels asserts the Georgia statute must be interpreted *as a matter of law* to require a Kansas sentencing court to score his Georgia conviction as nonperson, pursuant to K.S.A. 21-6811(e)(3)(B).

In pertinent part, K.S.A. 21-6811(e)(3) governs the classification of felonies as person or nonperson for criminal history purposes:

"(e)(3) The state of Kansas shall classify the crime as person or nonperson.

. . . .

(B) In designating a felony crime as person or nonperson, the felony crime shall be classified as follows:

(i) An out-of-state conviction or adjudication for the commission of a felony offense, . . . *shall be classified as a person felony if one or more of the following circumstances is present* as defined by the convicting jurisdiction in the *elements* of the out-of-state offense:

. . . .

(h) *entering or remaining within any residence, dwelling or habitation*.

. . . .

(iii) An out-of-state conviction or adjudication for the commission of a felony offense, . . . shall be classified as a nonperson

5

> felony if the *elements* of the offense do not require proof of any of the
> circumstances in subparagraph (B)(i) or (ii)." (Emphases added.)

We must first determine whether Daniels' Georgia conviction *must* be scored as a nonperson crime as a matter of law. K.S.A. 21-6811 initially requires the court to review the elements of the out-of-state crime to determine whether certain circumstances are present, and required to be proved, to obtain a conviction. We thus begin with the Georgia burglary statute's plain language. *Bruce v. Kelly*, 316 Kan. 218, 224, 514 P.3d 1007 (2022) (quoting *Johnson v. U.S. Food Service*, 312 Kan. 597, 600-01, 478 P.3d 776 [2021]). It provides, in relevant part:

> "(a) A person commits the offense of burglary when, without authority and with the intent
> to commit a felony or theft therein, he enters or remains within the dwelling house of
> another or any building, vehicle, railroad car, watercraft, or other such structure designed
> for use as the dwelling of another or enters or remains within any other building, railroad
> car, aircraft, or any room or any part thereof. . . ." Ga. Code Ann. § 16-7-1(a) (1980).

Under this statute, a person commits burglary in Georgia when, "without authority and with the intent to commit a felony or theft" they enter or remain: (1) within the dwelling house of another; *or* (2) within any building, vehicle, railroad car, watercraft, or other such structure designed for use as the dwelling of another; *or* (3) within any other building, railroad car, aircraft, or any room or any part thereof.

We must next consider whether these separate possibilities constitute three potential versions of the crime, or one version of the crime. As the State concedes,

> "[i]f the Georgia statute were indivisible, i.e. contained one set of elements
> defining burglary indivisibly, then [Daniels] might have a point because the Georgia
> burglary statute clearly listed locations that are not a 'dwelling' as required to be scored as

6

a person felony under K.S.A. 2020 Supp. 21-6811(d)(1) and K.S.A. 2020 Supp. 21-5111(k)."

However, if the Georgia statute is divisible into *three* versions of the crime, and at least one contains a distinct element requiring a residence to be burgled, then Daniels' conviction could be scored as a person felony *if* it arose under that version of the crime. See K.S.A. 21-6811(e)(3)(B)(i)(h); *State v. Dickey*, 301 Kan. 1018, 1037-38, 350 P.3d 1054 (2015) (a "divisible statute . . . includes multiple, alternative versions of the crime and at least one of the versions matches the elements of the generic offense"; under the "modified categorical approach," a sentencing court can consider "a limited class of documents to determine 'which of a statute's alternative elements formed the basis of the defendant's prior conviction'"). So we look further to determine whether the Georgia statute contemplates one or more versions of the crime.

The Eleventh Circuit Court of Appeals has held that Ga. Code Ann. § 16-7-1 (2011)—which was identical in relevant part to the version governing Daniels' conviction—is divisible because it contains "multiple locational elements effectively creating several different crimes." *United States v. Gundy*, 842 F.3d 1156, 1166-68 (11th Cir. 2016). Without belaboring the point, we agree. Cf. *State v. Reynolds*, 319 Kan. __, Syl. ¶ 2, 552 P.3d 1 (2024) (a nondwelling building and a dwelling describe alternative means for committing aggravated burglary in Kansas' statutory context); *State v. Daws*, 303 Kan. 785, 789, 368 P.3d 1074 (2016) (Kansas aggravated burglary statute creates alternative means of committing the crime with distinct elements.).

Daniels asserts that the Georgia crime of conviction must be nonperson because it does not require that the building burgled be a dwelling. But at least two of the three divisible crimes under the applicable Georgia statute clearly *do* require the building burgled to be a dwelling. So Daniels' argument that his Georgia crime must be scored as a nonperson felony is *only* correct if the crime of conviction was the third distinct set of

elements. Cf. *Smith v. State*, 281 Ga. App. 91, 93, 635 S.E.2d 385 (2006) ("As we have held, a burglary can be committed by entry into a building that is not a dwelling.").

Thus, Daniels' argument fails. He is incorrect that—as a matter of law—his Georgia conviction *must* be a nonperson felony. Because the statute is divisible, his Georgia conviction *might* be a nonperson felony, but it *might not* be a nonperson felony.

Given the existence of this dichotomy, we must consider who has the burden of proving which version of the Georgia statute Daniels violated—and whether they carried that burden. Daniels concedes the burden is his but claims the burden does not matter. Au contraire.

*Daniels does not carry his burden to show the district court erred.*

Before Daniels was sentenced for his current crimes of conviction, the district court ordered a PSI report from court services, as required by K.S.A. 21-6703. Among other things, this report contains the defendant's criminal record. K.S.A. 21-6703(b)(3). The PSI report plays an important role in the procedure used by a district court to determine a defendant's criminal history score and classification for purposes of sentencing. That procedure is described in K.S.A. 21-6814, which states:

> "(a) The offender's criminal history shall be admitted in open court by the offender or determined by a preponderance of the evidence at the sentencing hearing by the sentencing judge.

> "(b) Except to the extent disputed in accordance with subsection (c), the summary of the offender's criminal history prepared for the court by the state shall satisfy the state's burden of proof regarding an offender's criminal history.

"(c) Upon receipt of the criminal history worksheet prepared for the court, the offender shall immediately notify the district attorney and the court with written notice of *any error* in the proposed criminal history worksheet. Such notice shall specify the exact nature of the alleged error. The state shall have the burden of proving the disputed portion of the offender's criminal history. The sentencing judge shall allow the state reasonable time to produce evidence to establish its burden of proof. If the offender later challenges such offender's criminal history, which has been previously established, the burden of proof shall shift to the offender to prove such offender's criminal history by a preponderance of the evidence.

"(d) If an offender raises a challenge to the offender's criminal history for the first time on appeal, the offender shall have the burden of designating a record that shows prejudicial error. If the offender fails to provide such record, the appellate court shall dismiss the claim. In designating a record that shows prejudicial error, the offender may provide the appellate court with journal entries of the challenged criminal history that were not originally attached to the criminal history worksheet, and the state may provide the appellate court with journal entries establishing a lack of prejudicial error. The court may take judicial notice of such journal entries, complaints, plea agreements, jury instructions and verdict forms for Kansas convictions when determining whether prejudicial error exists. The court may remand the case if there is a reasonable question as to whether prejudicial error exists." (Emphasis added.)

This procedure governs our review of this case. Under this statute, the State has the burden to prove a defendant's criminal history at sentencing. *State v. Roberts*, 314 Kan. 316, 322, 498 P.3d 725 (2021). As part of this burden, the State must prove all facts necessary for the district court to make an accurate classification for all scoreable crimes. *Roberts*, 314 Kan. at 322.

K.S.A. 21-6814 contemplates procedures at two stages of a criminal case: (1) the time before the sentencing judge establishes the defendant's criminal history for purposes of sentencing; and (2) any time after. Subsection (a) sets forth *how* an offender's criminal history is determined for purposes of the defendant's sentence. In *State v. Corby*, 314

9

Kan. 794, 797, 502 P.3d 111 (2022), we explained that subsection (a) "describes two possible scenarios. In one, a defendant admits to criminal history. In the other, the court determines criminal history by the preponderance of the evidence."

And in *Corby* we clarified that an admission to criminal history includes both an admission to a conviction's existence *and* its classification for sentencing purposes. 314 Kan. at 798. Although in *Corby* that classification was to a felony classification, as opposed to a misdemeanor, the logic applies equally to a person classification, as opposed to a nonperson one.

In *Corby*, we reasoned that an admission to criminal history includes an admission to the crime's classification as felony or misdemeanor because the Legislature has defined "criminal history" to include a former conviction's status as felony or misdemeanor. While the definition of criminal history does not similarly include the person or nonperson classification of a crime, the Legislature has elsewhere referred to "criminal history" as a conviction and its person or nonperson classification. See, e.g., K.S.A. 21-6810(d)(7) ("Unless otherwise provided by law, unclassified felonies and misdemeanors, shall be considered and scored as nonperson crimes for the purpose of determining criminal history."); K.S.A. 21-6811(d) (describing whether prior burglary convictions should be scored as person or nonperson "for criminal history purposes").

Furthermore, if "criminal history" did not include the person or nonperson classification of a former conviction, then it would be unclear who bears the burden of proving that classification. Kansas statutes provide only that the State must prove criminal history; it outlines no separate procedures for proving person or nonperson classification. See K.S.A. 21-6814. We will not interpret the statutes to create such silence. Their reference throughout the sentencing guidelines to "criminal history" as a conviction and *all* of its classifications tells us that when K.S.A. 21-6814(a) provides a

10

defendant can admit to criminal history, it means a defendant can admit to prior convictions and their classification as a felony or misdemeanor and as a person or nonperson crime.

Next, subsection (b) informs the second scenario in subsection (a). Subsection (b) provides that a PSI report prepared by the State for the court is sufficient to satisfy the State's burden of proving the offender's criminal history to the sentencing judge by a preponderance of evidence, absent a dispute as outlined in subsection (c). When there is such dispute, subsection (c) provides the defendant with an opportunity to challenge the State's PSI report prior to the sentencing hearing, thereby negating the report's sufficiency to satisfy the State's burden of proof. However, the opportunity to challenge is procedurally specific and time sensitive. The defendant must "immediately" notify the court and the State "with written notice of any error" and must "specify the exact nature of the alleged error." Once these things occur, the evidentiary value of the PSI report disappears as to the specific error alleged, and the State must otherwise satisfy its burden at sentencing to prove a defendant's criminal history by a preponderance of the evidence. See, e.g., *State v. Dickey*, 301 Kan. at 1038 (discussing the "limited class of documents" a court may consider in determining which version of a divisible statute applies). Finally, the court "establishes" the defendant's criminal history, either by admission or proof, and uses that established criminal history as a factor in sentencing the defendant.

Accordingly, the sentencing court's initial finding that Daniels' Georgia burglary conviction was a person crime was supported by substantial competent evidence because Daniels' admission satisfied the first scenario outlined in *Corby.* And Daniels made no effort to avail himself of the opportunity outlined in subsection (c) to challenge the PSI report itself.

11

This brings us to the second stage of a criminal proceeding discussed in K.S.A. 21-6814. The final sentence of subsection (c) provides that "[i]f the offender later challenges such offender's criminal history, which has been previously established, the burden of proof shall shift to the offender to prove such offender's criminal history by a preponderance of the evidence." Subsection (d), which was added by the Legislature in 2022, further outlines the procedures when a defendant challenges their criminal history for the first time on direct appeal.

Here, the State argues the appropriate burden of proof is found in subsection (c). We agree. Subsection (c) explains the offender bears the burden of proving their criminal history by a preponderance of the evidence when their criminal history has previously been established at a sentencing hearing, and Daniels' history was previously established by his admission to the criminal history set forth in the PSI report presented to the court for sentencing purposes. Cf. *State v. Obregon*, 309 Kan. 1267, 1275, 444 P.3d 331 (2019) (finding criminal history score erroneous as a matter of law when the criminal history score included an out-of-state divisible statute, the defendant *did not* admit to his criminal history score, and the PSI report did not identify which version of the statute the defendant was convicted under; however, the court also did not consider the burden of proof after defendant's criminal history had been established).

Daniels correctly points out that the State did not specifically designate the version of the crime for which he was convicted under the Georgia statute. But, at this postsentencing point in Daniels' case, the burden has shifted, and Daniels fails to meet it because he did not provide the district court, the Court of Appeals panel, or this court with any evidence, such as his Georgia journal entry, outlining the elements of his Georgia burglary conviction to prove his previously established criminal history was incorrect. As in *Corby*, the district court's classification for the pertinent conviction may

12

have been wrong. But we also know it may have been right. Daniels fails to meet the burden outlined in K.S.A. 21-6814(c).

We pause to note that Daniels' case may also implicate K.S.A. 21-6814(d), but neither party briefed its applicability (although the State suggested it did not apply), and it was only briefly discussed at oral argument. We therefore take no position on subsection (d) because this case can be resolved under subsection (c).

In its brief, the State criticizes *Busch*, for giving the burden of proof analysis short shrift. But in *Busch* the State did not brief the burden of proof and we did not raise it sua sponte. Even if we had, the outcome would have been the same. Busch would have met his burden under subsection (c) by showing his out-of-state burglary convictions, which were not based on a statute with alternative means, were nonperson crimes as a matter of law pursuant to K.S.A. 21-6811(e)(3)(B)(i), (iii). Further, Busch would have failed to meet his burden of showing his criminal trespass conviction, under a statute with alternative means, was error because Busch did not object to the person classification prior to the court establishing his criminal history.

Regardless, although we did not need to take this step in *Busch,* today we clarify that a defendant's admission to their criminal history score includes the admission that the PSI correctly classified the individual crimes included in that criminal history—and that, in the case of divisible out-of-state statutes, the statutory definitions of any prior convictions classified as person felonies contained at least some of the elements required by K.S.A. 21-6811(e)(3)(B)(i) or (ii). And because Daniels so admitted at sentencing— and then failed to provide the necessary evidence to refute that admission when he challenged his already established criminal history, as required by K.S.A. 21-6814(c)— his claim fails.

13

CONCLUSION

Here, at most Daniels has shown that the district court might have misclassified his Georgia conviction as a person crime. But the Legislature has stated clearly that Daniels has the burden to show error on appeal. Daniels has not shown that the district court erroneously classified his Georgia conviction; at most, he showed it *might* have. As this is insufficient to carry his burden, Daniels' claim fails.

Judgment of the Court of Appeals affirming the district court is affirmed. Judgment of the district court is affirmed.