No. 127,959

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

LOWELL ERIC HILL,
*Appellant*.

SYLLABUS BY THE COURT

1.

When a statute is plain and unambiguous, an appellate court should refrain from reading something into the statute that is not readily found in its words.

2.

K.S.A. 2021 Supp. 21-6615(a) requires a district court to award jail time credit for all the time a defendant is incarcerated pending the disposition of the defendant's case.

3.

When a defendant has been released on bond—and remains on bond in that case until sentencing—K.S.A. 2021 Supp. 21-6615(a) does not entitle the defendant to additional jail time credit for time subsequently spent in jail on an unrelated case.

4.

In order to receive jail time credit under K.S.A. 2021 Supp. 21-6615(a), the incarceration must be tied to the case in which the defendant is seeking to receive credit.

1

Appeal from Crawford District Court; KURTIS I. LOY, judge. Submitted without oral argument. Opinion filed September 26, 2025. Affirmed.

*Korey A. Kaul*, of Kansas Appellate Defender Office, for appellant.

*Steven J. Obermeier*, assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.

Before WARNER, C.J., ARNOLD-BURGER and BRUNS, JJ.

BRUNS, J.:  Lowell Eric Hill appeals his sentence after pleading no contest to possession with the intent to distribute methamphetamine. Although the district court awarded Hill with 90 days of jail time credit, he contends that K.S.A. 2021 Supp. 21-6615(a) entitles him to additional credit. Specifically, Hill seeks credit for the time that he spent in another county's jail on an unrelated case *after* being released on bond in this case. Because Hill was released from jail in this case—and remained on bond until sentencing—we conclude that he is not entitled to additional credit for the days he subsequently spent in jail in an unrelated case from a different county. Thus, we affirm.

FACTS

The parties are familiar with the facts and the procedural history of the underlying criminal case, and we need not repeat them in detail. Significant to this appeal, the State charged Hill in Crawford County with possession with the intent to distribute methamphetamine weighing between 1 gram and 3.5 grams. After spending 90 days in the Crawford County jail, he was released on bond and remained on bond until his sentencing in this case. Subsequently, Hill was incarcerated in Bourbon County in an unrelated case for at least part of the time that this case was pending before the district court.

2

Hill later pled no contest to the reduced charge of possession with the intent to distribute methamphetamine weighing less than 1 gram. At his sentencing hearing, the district court denied Hill's request for a dispositional or durational departure and sentenced him to 40 months in prison to run concurrent with his sentence in the unrelated Bourbon County case. The district court then awarded Hill 90 days of jail time credit for the time he was incarcerated in the Crawford County jail in this case.

Thereafter, Hill timely filed a notice of appeal.

ANALYSIS

The sole issue presented on appeal is whether Hill should receive jail time credit in this case for the time that he spent in another county's jail after he was released on bond in this case. Hill contends that the fact he was released from the Crawford County jail before being incarcerated in Bourbon County on an unrelated matter is irrelevant. In response, the State contends that Hill failed to adequately preserve this issue for appeal. In the alternative, the State argues that—even if this issue was properly preserved—Hill is not entitled to jail time credit for the time he spent incarcerated in Bourbon County following his release on bond in this case.

Hill asserts that his request for additional jail time credit is properly before us on appeal because the issue was raised below. Conversely, the State asserts that this issue was not preserved. Generally, issues not raised at the district court level cannot be raised on appeal. *State v. Green*, 315 Kan. 178, 182, 505 P.3d 377 (2022). Yet some limited exceptions allow parties to raise issues for the first time on appeal. *State v. Johnson*, 309 Kan. 992, 995, 441 P.3d 1036 (2019). Those exceptions include:

> "(1) [T]he newly asserted theory involves 'only a question of law arising on proved or admitted facts and the issue is finally determinative of the case'; (2) 'resolution of the question is necessary to serve the ends of justice or to prevent denial of fundamental

3

rights'; and (3) the district court reached the right result for the wrong reason." 309 Kan. at 995.

In his initial brief, Hill maintains that we should resolve this issue on the merits because the district court awarded him some jail time credit and stated that he would receive credit—either in this case or in his Bourbon County case—for the time that he was in jail while this case was pending. Under these circumstances, we find that resolving the jail time credit issue on appeal serves the ends of justice. See *Johnson*, 309 Kan. at 995. This is because—if Hill is correct—he would be facing "a longer sentence without a legal basis [which] would be a miscarriage of justice." *State v. Williams*, 311 Kan. 88, 94, 456 P.3d 540 (2020).

The resolution of this issue involves statutory interpretation. Statutory interpretation presents a question of law over which appellate courts have unlimited review. *State v. Daniels*, 319 Kan. 340, 342, 554 P.3d 629 (2024). The most fundamental rule of statutory construction is that the intent of the Kansas Legislature governs if that intent can be ascertained. When a statute is plain and unambiguous, an appellate court should not speculate about the legislative intent behind that clear language. Likewise, it should refrain from reading something into a statute that is not readily found in its words. *State v. Keys*, 315 Kan. 690, 698, 510 P.3d 706 (2022).

At the time of Hill's crime, the right to jail time credit was controlled by K.S.A. 2021 Supp. 21-6615(a), which provided:

> "In any criminal action in which the defendant is convicted, the judge, if the judge sentences the defendant to confinement, shall direct that for the purpose of computing defendant's sentence and parole eligibility and conditional release dates thereunder, that such sentence is to be computed from a date, to be specifically designated by the court in the sentencing order of the journal entry of judgment. Such date shall be established *to reflect and shall be computed as an allowance for the time*

4

*which the defendant has spent incarcerated pending the disposition of the defendant's case*." (Emphasis added.)

In *State v. Ervin*, 320 Kan. 287, 566 P.3d 481 (2025)—which was decided while this appeal was pending—the Kansas Supreme Court found that K.S.A. 21-6615(a) requires a sentencing judge to "allow credit for all days incarcerated *on a case*, regardless of whether the defendant received a credit for some or all that time against a sentence in another case." (Emphasis added.) 320 Kan. 287, Syl. ¶ 12. In other words, in order to receive jail time credit, the incarceration must be tied to the case in which the defendant is seeking to receive credit.

Here, Hill was released from the Crawford County jail on this case after 90 days and he remained on bond on this case when he was subsequently jailed in Bourbon County on an unrelated case. It is undisputed that the district court appropriately awarded Hill with 90 days' credit for the time he spent incarcerated in the Crawford County jail prior to being released on bond in this case. Accordingly, because Hill was not being incarcerated in the Bourbon County jail until after being released on bond from the Crawford County jail, we find that he is not entitled to additional jail time credit in this case.

We do not find that *Ervin* supports Hill's position and it would be inappropriate to expand its holding in an attempt to justify an award of jail time credit for a subsequent incarceration after a defendant posts bond, is released from jail, and remains on bond until sentencing in the case for which the defendant is seeking additional credit. Likewise, we do not find it appropriate to read such a requirement into K.S.A. 2021 Supp. 21-6615(a), which provides that a person convicted of a crime is entitled to credit only for time "spent incarcerated *pending the disposition of the defendant's case*." (Emphasis added.) See *State v. Gomez*, 320 Kan. 3, 15, 561 P.3d 908 (2025) (statutes should be construed in such a way as to avoid unreasonable or absurd results). Finally,

we observe that defendants released on bond are not incarcerated. See *State v. Urban*, 291 Kan. 214, 220, 239 P.3d 837 (2010) ("'release on bail' is release from jail."); *State v. Graves*, 47 Kan. App. 2d 808, 819, 278 P.3d 993 (2012) (defendants are not entitled to jail time credit when they are released from jail on bond and required to reside at a residential facility as a condition of their release).

In summary, there is no dispute that Hill was released on bond from the Crawford County jail 90 days following his arrest in this case. There is also no dispute that he remained on bond in this case until he was sentenced. Furthermore, it is undisputed that the district court has already awarded Hill with credit for the 90 days in which he was incarcerated in the Crawford County jail before bonding out. Consequently, when he was subsequently incarcerated in the Bourbon County jail in an unrelated case, Hill was no longer incarcerated in this case, and he is not entitled to any additional jail time credit.

We, therefore, affirm the district court's award of 90 days of jail time credit for the number of days he was incarcerated in this case.

Affirmed.