NOT DESIGNATED FOR PUBLICATION

No. 128,578

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ANTHONY CHARLES PAGEL,
*Appellant*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; CHERYL A. RIOS, judge. Submitted without oral argument. Opinion filed March 13, 2026. Affirmed in part, vacated in part, and remanded with directions.

*James M. Latta*, of Kansas Appellate Defender Office, for appellant.

*Carolyn A. Smith*, assistant deputy district attorney, *Mike Kagay*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before ARNOLD-BURGER, P.J., BRUNS and SCHROEDER, JJ.

PER CURIAM: Anthony Charles Pagel is appealing the district court's revocation of his probation and seeking jail credit for 33 days he spent incarcerated in this case. We find the court did not abuse its discretion in revoking Pagel's probation, but it did err in not awarding him 33 days of jail credit. Accordingly, the district court's opinion is affirmed in part, vacated in part, and remanded with directions.

1

While Anthony Pagel was on probation in another case, the State charged him with possession of methamphetamine and possession of drug paraphernalia for acts that occurred on August 31, 2023.

Ultimately, the district court accepted Pagel's plea to one count of possession of methamphetamine and dismissed the remaining charge. The plea agreement terms required the State to recommend the standard sentence, suspended to probation, which would be served consecutively to the sentences in Pagel's other cases. Pagel also stipulated to violating the terms of his probation in his prior case, and the district court ordered him to serve a 60-day sanction and be placed back on probation.

At sentencing, the district court followed the plea agreement imposing a 30-month prison sentence but granting a dispositional departure to 12 months of probation. The district court also ordered that any time served in this case was to run consecutive to any time served in Pagel's other cases. The district court judge announced from the bench: "You would receive credit for time served as provided by law, and you can earn up to 20 percent good time if you serve this sentence." The journal entry specified that the district court awarded 15 days of jail credit—the dates between his arrest on this charge and his release on bond. The journal entry listed 33 days for Pagel's incarceration from May 16 (his arrest on a warrant citing this charge) to June 18, 2024 (his release on a new bond on this charge), but the box was checked that indicated this time was not awarded towards his sentence in this case. No explanation was provided in the journal entry or at the hearing.

Approximately two months later Pagel stipulated to violating his probation for failing to report to his probation officer. Counsel noted that this was Pagel's first violation in this case, so she suggested a three-day "quick dip" sanction. Although the court

2

reminded counsel that a quick dip was not required since Pagel's presumptive sentence was prison, defense counsel still maintained that the district court should order up to a 60-day sanction. Counsel also argued that Pagel should be allowed to continue probation so he could have a second chance to report and start treatment, noting that counsel had contact with a service provider that day about treatment.

Pagel's counsel further argued that treatment would be appropriate stating that although Pagel faced a hefty 30-month sentence, the violation was minor and there were no attempts to locate him. His counsel explained that Pagel's homelessness and drug use contributed to his failure to report. Counsel also asserted that Pagel could turn things around, and if allowed to get treatment, Pagel could find success given his underlying methamphetamine conviction.

The district court judge asked whether Pagel had ever successfully completed probation, to which his counsel replied that Pagel had completed "drug court" and probation from a previous case.

The district court judge noted that Pagel had been appearing before the judge for a long time and had been given many chances to get treatment and shelter and get himself on track, and each time he did not comply with tasks set out by court order. The district court judge stated that while incarcerated, perhaps Pagel could figure out what is necessary to overcome his addiction. The district court revoked Pagel's probation and ordered Pagel to serve his original sentence.

Pagel timely appeals.

ANALYSIS

THE DISTRICT COURT DID NOT ERR IN REVOKING PAGEL'S PROBATION

Pagel argues that the district court abused its discretion when it revoked his probation and imposed the underlying sentence rather than imposing an intermediate sanction and reinstating probation.

Once a probation violation is established, a district court has discretion to revoke probation unless the court is otherwise limited by statute. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022). Appellate courts review a district court's decision to revoke a person's probation for abuse of discretion. 315 Kan. at 328. A judicial action is an abuse of discretion if it is arbitrary, fanciful, or unreasonable or if it is based on a legal or factual error. *State v. Levy*, 313 Kan. 232, 237, 485 P.3d 605 (2021). The party alleging that the district court erred—in this case Pagel—has the burden of proving an abuse of discretion. See *State v. Keys*, 315 Kan. 690, 708, 510 P.3d 706 (2022).

When a person violates the terms of their probation, a district court ordinarily must first impose intermediate jail sanctions before revoking probation altogether. K.S.A. 22-3716(c)(1)(C). But, as Pagel acknowledges, the district court could bypass this requirement since his probation was the result of a dispositional departure. K.S.A. 22-3716(c)(7)(B).

Pagel does not claim the district court based its decision to revoke his probation on a legal or factual error. In fact, he agreed he violated his probation. Rather, he contends it was unreasonable to revoke his probation under the circumstances, particularly because it was Pagel's first violation in the case and it was a technical violation, failure to report.

4

While reasonable people could differ about whether to reinstate Pagel's probation, it cannot be said that no reasonable person would agree with the district court's decision to revoke probation here. Pagel has received many opportunities to comply with probation. He was on probation when he committed the crime in this case, and he was placed back on probation in that case and still awarded probation in this case. Additionally, Pagel was granted a dispositional departure based on his willingness to seek treatment which was also part of his probation conditions. The court's concerns about Pagel's continuing probation given his history of probation violations and unwillingness to complete treatment were reasonable, especially considering this violation was just over a month into the probation term.

The district court therefore did not abuse its discretion in revoking Pagel's probation and ordering him to serve his underlying sentence.

PAGEL IS ENTITLED TO 33 DAYS OF JAIL CREDIT

The right to jail time credit in Kansas is statutory, governed by K.S.A. 21-6615(a). Statutory interpretation presents a question of law over which appellate courts have unlimited review. *State v. Daniels*, 319 Kan. 340, 342, 554 P.3d 629 (2024).

For the first time on appeal, Pagel alleges that he was not awarded 33 days of jail credit on this case to which he was entitled.

Because Pagel raises his jail credit challenge for the first time on appeal, this court must first determine whether to exercise its discretion to consider the unpreserved claim under any of the following limited exceptions: (1) The new claim raises only a question of law based on uncontested facts; (2) consideration is necessary to serve the ends of justice or prevent denial of fundamental rights; or (3) the district court's judgment is

correct for the wrong reason. See *State v. Rhoiney*, 314 Kan. 497, 500, 501 P.3d 368 (2021).

An appellate court's decision to review an unpreserved claim under any of these recognized exceptions is still a prudential one. Even if an exception applies, the appellate court is not obligated to review the claim. 314 Kan. at 500. The panel is not bound by prudential decisions made by other panels or by the Supreme Court. Each case must be weighed on its merits.

Pagel contends the first exception applies here, as the issue concerns the allocation of jail credit, not its calculation. The facts supporting this issue are undisputed. The record is clear that Pagel served 33 days in jail in this case while it was pending disposition. The district court did not note that the 33 days was to be applied to any other case, although whether any of that credit was applied to another case is of little consequence. See *State v. Hopkins*, 317 Kan. 652, 657, 659, 537 P.3d 845 (2023) (A defendant shall be awarded jail time credit for *all* time spent in custody pending the disposition of his or her case regardless of whether the defendant "had other cases pending against him while he was in jail."). Because Pagel's claim raises only a question of law based on uncontested facts, we elect to exercise our prudential authority to consider Pagel's unpreserved claim.

The award of jail credit in a case is mandatory and is governed by K.S.A. 21-6615. The district court was required to award an allowance of one day of jail time credit for each day of incarceration pending disposition of Pagel's criminal case. At sentencing, the district court did not discuss the specific application of credit for the time Pagel was in jail. It was not until the journal entry was submitted that it was revealed that the court did not award him any credit for the 33 days he served after he was picked up on a warrant *on this charge*. The court provided no explanation for the denial, and the journal entry does not note that the 33 days was applied to any other case. This was clear error.

Accordingly, we vacate the district court's denial of 33 days of jail credit and remand with directions to enter an amended journal entry of judgment awarding Pagel 33 additional days of jail credit, consistent with *Hopkins*.

Affirmed in part, vacated in part, and remanded with directions.