NOT DESIGNATED FOR PUBLICATION

Nos. 128,731
128,732

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

GARY EMERY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Jackson District Court; NORBERT C. MAREK JR., judge. Submitted without oral argument. Opinion filed June 12, 2026. Vacated and remanded with directions.

*Peter Maharry*, of Kansas Appellate Defender Office, for appellant.

*Tyler W. Winslow*, assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.

Before WARNER, C.J., HILL and BRUNS, JJ.

PER CURIAM: Gary Emery appeals from the Jackson County District Court's award of jail time credit after pleading no contest in two criminal cases in December of 2024. Although the district court awarded Emery with 29 days of jail time credit, it concluded that he was not entitled to any additional jail time credit in his second criminal case. On appeal, Emery contends that he should receive additional jail time credit in both cases. Based on the current status of Kansas law, we agree that Emery is entitled to additional jail time credit. Thus, we vacate the calculation of Emery's jail time credit.

1

And we remand this matter to the district court for a proper determination of the amount of jail time credit owed to him.

FACTS

The parties are familiar with the underlying facts. So, we will not discuss them in depth in this opinion. Significant to the limited issue presented on appeal, Emery pled no contest to theft in two Jackson County cases. On December 13, 2024, the district court found him guilty on both counts. At the sentencing hearing, held on January 24, 2025, the district court imposed a 16-month sentence against Emery in each case. And both Jackson County cases were set to run consecutively to one another alongside an unrelated Shawnee County case.

While the Jackson County charges were pending, Emery was incarcerated at various times in both the Jackson County and Shawnee County jails. In the Jackson County cases, the district court awarded Emery 29 days of jail time credit in one case but chose not to award him with any jail time credit in his other case. It is also undisputed that Emery did not request additional jail time credit, at sentencing, for either of his Jackson County cases.

Thereafter, Emery filed a timely notice of appeal.

ANALYSIS

The sole issue on appeal is whether Emery is entitled to receive additional jail time credit in both of his Jackson County cases. For the first time on appeal, Emery contends that he should have received 435 days of jail time credit in one of his cases and 464 days in the other case. Emery argues that he is entitled to receive credit in both cases for the time he spent incarcerated in the Jackson County jail as well as the Shawnee County jail

2

while these cases were pending. In response, the State insists that Emery is not entitled to receive duplicative credit. Alternatively, the State seeks to preserve its argument that *State v. Ervin*, 320 Kan. 287, 566 P.3d 481 (2025) was wrongly decided.

Interpretation of the jail time credit statute, K.S.A 21-6615, involves a question of law over which our review is unlimited. *State v. Daniels*, 319 Kan. 340, 342, 554 P.3d 629 (2024). When a statute is plain and unambiguous, our analysis focuses on "'giving common words their ordinary meanings, without adding to or subtracting from the text.'" *State v. Ervin*, 320 Kan. 287, 306, 566 P.3d 481 (2025) (quoting *American Warrior, Inc. v. Board of Finney County Comm'rs*, 319 Kan. 78, 81, 552 P.3d 1219 [2024]). At the same time, as an intermediate appellate court, we are duty bound by the Kansas Supreme Court's interpretation of Kansas statutes. *State v. Patton*, 315 Kan. 1, 16, 503 P.3d 1022 (2022).

Emery concedes that he never raised this issue before the district court. However, we find it significant that our Supreme Court decided *Ervin* while this case was pending on appeal. Moreover, we find that the resolution of this issue may prevent the denial of a fundamental liberty interest. Because of this dilemma, we conclude that it is appropriate for us to consider this issue for the first time on appeal. See *Ervin*, 320 Kan. at 306.

Significantly, since *Ervin* is now binding precedent, we find that the Kansas Supreme Court's interpretation of K.S.A. 21-6615(a) applies in this case. See *Patton*, 315 Kan. at 16. Likewise, while we appreciate the State's arguments that *Ervin* was wrongly decided, our Supreme Court recently rejected this argument in *State v. Zongker*, 322 Kan. 137, 139, 586 P.3d 769 (2026). Consequently, there is no indication that the holding in *Ervin* will be modified in the foreseeable future.

In *Ervin*, the Kansas Supreme Court held that K.S.A. 21-6615(a) "require[s] a district court to award [credit] for all time spent incarcerated 'pending the disposition of

the defendant's case.'" 320 Kan. at 311. Our Supreme Court further explained that the jail credit statute compels an award of one day of jail time credit or "each day that [a defendant is] incarcerated pending disposition of [a criminal] case regardless of whether [the defendant] received an allowance for some or all that time against a sentence in another case." 320 Kan. at 311-12. Because Emery's convictions resulted from acts committed in September and November of 2023, K.S.A. 21-6615 (Self 2023)—as interpreted by *Ervin*—controls the award of jail time credit. See *State v. Juiliano*, 315 Kan. 76, 80, 504 P.3d 399 (2022).

It is undisputed that the Kansas Legislature amended K.S.A. 21-6615(a) in 2024 to preclude the award of duplicative jail time credit. L. 2024, ch. 96, § 7. The State argues that we should retroactively apply the 2024 amendment to this appeal. Whereas Emery reasons that the amendment does not apply to his sentences. But as this court has previously found, our Legislature did not suggest that the 2024 amendment should be applied retroactively. See *State v. Mitchell*, 66 Kan. App. 2d 196, 204, 579 P.3d 970 (2025), *rev. granted* 321 Kan. 793 (2026). Thus, we find that the 2024 amendment to K.S.A. 21-6615 does not apply to Emery's criminal cases.

Additionally, we pause to note that the 2026 Kansas Legislature has amended K.S.A. 21-6615 to include language regarding retroactivity. L. 2026, ch. 62, § 1. Yet we also note that this amendment is not effective until July 1, 2026. Likewise, neither party argues that the 2026 amendment applies to this case. As a result, we take no position on any potential impact that the 2026 amendment to K.S.A. 21-6615 might have on Emery's jail time credit situation.

Finally, we recognize that the district court did not have the benefit of the Kansas Supreme Court's decisions in *Ervin* or *Zongker* when it determined the amount of jail time credit to award Emery. Still, these decisions represent binding precedent both on our court and on the district court. See *Patton*, 315 Kan. at 16. Accordingly, we conclude that

4

the district court's calculation of jail time credit should be vacated. And we remand them for a proper determination of additional jail time credit that Emery may be owed under K.S.A. 21-6615(a) (Self 2023).

Vacated and remanded with directions.