NOT DESIGNATED FOR PUBLICATION

No. 129,556

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee,*

v.

ERIC M. WILLIAMS,
*Appellant.*

MEMORANDUM OPINION

Appeal from Sedgwick District Court; CHRISTOPHER MAGANA, judge. Submitted without oral argument. Opinion filed June 18, 2026. Vacated in part and remanded with directions.

*James M. Latta*, of Kansas Appellate Defender Office, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before CLINE, P.J., COBLE and PICKERING, JJ.

PER CURIAM:  Eric M. Williams appeals the district court's jail credit determination when his probation was revoked and his underlying sentence was imposed. When Williams' probation was revoked, the district court denied him 217 days of jail credit because, at the time this case was pending, Williams was serving a sentence in another case from Reno County and was transferred to Sedgwick County for court appearances only. In *State v. Ervin*, 320 Kan. 287, 311-12, 566 P.3d 481 (2025), our Supreme Court found that K.S.A. 21-6615(a) allows an award of jail credit for "each day that [a defendant] was incarcerated pending disposition of [a criminal] case regardless of

1

whether [the defendant] received an allowance for some or all that time against a sentence in another case." After reviewing the record and the parties' arguments, we find that there were insufficient factual findings made by the district court regarding how many days Williams was held in Sedgwick County pending the disposition of this case and remand for a determination of jail credit in accordance with *Ervin*.

FACTUAL AND PROCEDURAL BACKGROUND

In 2017, the State charged Williams with felony unlawful possession of methamphetamine with the intent to distribute and misdemeanor driving while a habitual violator. At the time, Williams was serving probation for a felony burglary conviction in Reno County, case No. 14CR383. Williams pleaded guilty to both crimes. The presentence investigation report showed that Williams had 13 convictions, including the 2014 felony burglary in Reno County and convictions in 2018 for felony theft and criminal damage to property in Butler County, case No. 18CR32. The district court sentenced Williams to 122 months in prison for the felony drug charges in this case and 12 months in jail for the misdemeanor to run concurrent, but suspended that sentence, granting a downward dispositional departure of 36 months of probation.

In August 2019, the State filed a warrant, alleging Williams violated the terms of his probation. At the probation violation hearing, Williams stipulated to the allegations and the district court reinstated his probation, extending it another 36 months and imposing a 72-hour jail sanction. In May 2020, the State again filed a warrant, alleging further probation violations which included several charges of possession and consumption of methamphetamine. At a probation violation hearing in June 2020, the district court revoked probation and imposed a modified prison sentence of 86 months. Williams appealed that decision and the Court of Appeals remanded for a new probation revocation hearing, finding that "the judge relied on incorrect exceptions to the

2

requirement for intermediate sanctions before revoking appellant's probation and ordering him to serve his underlying sentence."

The probation violation hearing on remand took place in April 2021, and the district court ordered Williams to serve a 180-day sanction, followed by 36 more months of probation. The district court found that the original 122-month prison sentence still applied. But on multiple occasions, the State again alleged Williams violated the terms of his probation. At the probation revocation hearing in July 2025, the district court observed that Williams was then serving a 65-month prison sentence for a 2022 conviction in Reno County for possession of fentanyl with the intent to distribute. Williams requested a modification of the 122-month sentence in the present case to 61 months. The district court revoked probation and reinstated the underlying sentence, denying the modification request.

At the end of the hearing, the State stated that the anticipated jail-credit calculation was 831 days. Williams disagreed, seeking a total of 1,968 days. The district court told Williams that "you're certainly free to file a motion for jail credit, and we'll take that up if that is something the defendant disagrees with, and we'll address that in a hearing here in Sedgwick County on the record at some date in the future." The journal entry of probation violation shows that the district court granted 831 days of jail credit, refusing to award an additional 217 days because "defendant was also serving a KDOC [Kansas Department of Corrections] sentence for Butler Co. 18CR32 and Reno Co. 14CR383 and was released to Sedgwick County Jail for Court Appearance only."

Williams timely appealed the award of jail credit.

DISCUSSION

Williams argues that the district court erred in denying him jail credit for the time spent incarcerated on his Reno County and Butler County cases while this probation revocation case was pending. He also argues that the district court erred by denying his request for 1,968 days of credit simply because it was not in a written motion. The State argues that Williams is not entitled to additional jail credit because the amended jail credit statute of 2024 had taken effect when Williams' probation was revoked.

Review of Williams' jail credit claim is appropriate because he raised the objection before the district court. When considering the merits of a jail credit claim, courts interpret Kansas statutes—a question of law over which appellate courts exercise unlimited review. *State v. Daniels*, 319 Kan. 340, 342, 554 P.3d 629 (2024).

Generally, the governing law of a defendant's sentence is the law in effect when the crimes were committed. *State v. McLinn*, 307 Kan. 307, 337, 409 P.3d 1 (2018). This rule observes the inherent fairness that "a person must have notice that certain conduct is illegal before they may be convicted of a crime for engaging in that conduct." *State v. Lawton*, 65 Kan. App. 2d 749, 752, 571 P.3d 1, *rev. denied* 321 Kan. 793 (2025). This principle of fairness logically extends to afford a person notice of the consequences from criminal actions. See *State v. Mitchell*, 66 Kan. App. 2d 196, 207, 579 P.3d 970 (2025), *rev. granted* 321 Kan. 793 (2026); *State v. Owens*, No. 128,059, 2026 WL 850143, at *1 (Kan. App. 2026) (unpublished opinion), *petition for review filed* April 27, 2026. Williams committed the crimes underlying this probation revocation in 2017. The statute governing his appeal is thus the version in effect at that time. *Mitchell*, 66 Kan. App. 2d at 207. That statute states:

> "(a) In any criminal action in which the defendant is convicted, the judge, if the
> judge sentences the defendant to confinement, shall direct that for the purpose of
> computing defendant's sentence and parole eligibility and conditional release dates

thereunder, that such sentence is to be computed from a date, to be specifically designated by the court in the sentencing order of the journal entry of judgment. Such date shall be established to reflect and shall be computed as an allowance for the time which the defendant has spent incarcerated pending the disposition of the defendant's case." K.S.A. 2022 Supp. 21-6615(a).

In *State v. Hopkins*, 317 Kan. 652, 652, 537 P.3d 845 (2023), our Supreme Court found that jail credit is not limited "to time spent 'solely' in custody for the charge for which the defendant is being sentenced." And then in *Ervin*, 320 Kan. at 311-312, the Supreme Court decided that the language of K.S.A. 21-6615(a) allowed jail credit to be awarded for each day of incarceration pending the disposition of the defendant's case "regardless of whether [that defendant] received an allowance for some or all that time against a sentence in another case."

Williams argues that *Ervin* entitles him to additional jail credit. He seeks credit for at least the 217 days that he spent incarcerated for the Reno County possession case while this case was pending. But we find that the circumstances of this case are distinguishable from those in *Ervin*.

The factual circumstances here present a situation closer to *State v. Robinson*, No. 127,629, 2025 WL 3048957, at *1-3 (Kan. App. 2025) (unpublished opinion), *rev. granted* 321 Kan. 794 (2026). In *Robinson*, a panel of this court considered a similar question to the one we face—that is, whether a defendant is entitled to jail credit for time spent incarcerated pending the disposition of his case if he was already serving a sentence for previous crimes. In that case, Robinson was serving a 25-year sentence in the federal penitentiary at Leavenworth when he pleaded guilty to aggravated battery charges against corrections officers. The panel held that *Ervin* was distinguishable because

"Ervin was not serving a prison sentence for prior crimes. Rather, Ervin was being held in jail on two separate criminal cases while awaiting disposition of the case that was the

5

subject of his appeal. In other words, Ervin was in jail 'pending disposition of' his criminal cases for which he was later incarcerated. [Citation omitted.]" 2025 WL 3048957, at *2.

Robinson's case was different from *Ervin* because "Robinson was already incarcerated in federal prison for actions that did not stem from his new aggravated battery offenses." 2025 WL 3048957, at *2. The court acknowledged that another panel of the court, in *State v. Martin*, 66 Kan. App. 2d. 173, 176, 577 P.3d 667 (2025), *rev. granted* 321 Kan. 793 (2026), held that "a defendant was not entitled to credit because he remained incarcerated in prison serving a preexisting sentence while awaiting the disposition of criminal charges" for a crime committed against a correctional officer but noted that Robinson's case "presents a different factual scenario." 2025 WL 3048957, at *3; see also *State v. Moritz*, No. 127,910, 2025 WL 2993736, at *2 (Kan. App. 2025) (unpublished opinion) ("Just like *Martin*, we find Moritz merely continued to serve his prison sentence arising out of another case while he was awaiting disposition of this new case."), *rev. granted* 321 Kan. 793 (2026).

Importantly here, the *Robinson* panel found that the record did not clearly show where Robinson was incarcerated pending the disposition of his aggravated battery charges. Robinson was not only serving his preexisting federal sentence but was also being held at different times in Leavenworth County jail and Larned State Hospital awaiting the disposition of the aggravated battery case. As a result, the district court needed "to make factual findings addressing the time Robinson was being held in the Leavenworth County jail and in Larned State Hospital pending the disposition of the charges in this case" because "if jurisdiction was transferred and Robinson was held in Leavenworth County jail and at Larned State Hospital solely pending disposition of the two aggravated battery convictions, he might be entitled to jail credit under *Ervin*." *Robinson*, 2025 WL 3048957, at *3.

6

Here, as in *Robinson*, the district court's journal entry of probation revocation shows that Williams was serving time in Reno County for preexisting convictions—the Butler County convictions and potentially the 2014 burglary or the 2022 possession of fentanyl Reno County convictions. The parties dispute where Williams was serving for the 217 days in question—Williams argues he was in Sedgwick County for all 217 days, and the State argues that he was transferred to Sedgwick County for court appearances only. But even if he were transferred to Sedgwick County for court appearances only, it is likely that at least some of the 217 days were served pending the disposition of this case and would thus be allocated to Williams under *Ervin*.

The facts as they have been presented do not provide a clear enough picture for our court to determine whether Williams is entitled to credit for any of those 217 days. As a result, we conclude that the district court failed to make sufficient findings as to whether Williams was in custody pending the disposition of this case and, if he was, how many days of jail credit he is entitled to under *Ervin*. We vacate the award of jail time credit and remand this case to the district court for a hearing to calculate Williams' jail credit in accordance with *Ervin* and its interpretation of K.S.A. 21-6615. Thus, we do not reach Williams' second claim that the district court erred in denying his oral request for 1,968 days of jail credit, because he may take up that position anew on remand.

Vacated in part and remanded with directions.