NOT DESIGNATED FOR PUBLICATION

Nos. 129,425
129,426
129,427

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MAURICIO ALEJANDRO DIAZ-GONZALEZ,
*Appellant*.

MEMORANDUM OPINION

Appeal from Ford District Court; SIDNEY R. THOMAS, judge. Submitted without oral argument. Opinion filed June 26, 2026. Vacated in part and remanded with directions.

*Peter Maharry*, of Kansas Appellate Defender Office, for appellant.

*Tyler W. Winslow*, assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.

Before WARNER, C.J., ISHERWOOD and HURST, JJ.

PER CURIAM: Mauricio Alejandro Diaz-Gonzalez appeals the district court's calculation and imposition of jail credit after being sentenced in three separate cases. While on felony bond, Diaz-Gonzalez picked up two additional criminal cases, each with multiple charges. The district court sentenced him to consecutive underlying prison sentences for the three cases but suspended those sentences and imposed a single probation term. After multiple opportunities on probation, the court revoked Diaz-Gonzalez' probation and imposed the underlying sentences. The court awarded him jail

credit for time spent in custody in the first case alone but awarded no jail time credit in the other two cases. Diaz-Gonzalez now challenges that jail credit award on appeal.

FACTUAL AND PROCEDURAL BACKGROUND

While the underlying facts of Diaz-Gonzalez' criminal conduct are not relevant, it is necessary to recount a timeline of events to assess his claim for jail credit. The State charged Diaz-Gonzalez in case 2023-CR-300088 (Case One) with possession of methamphetamine and three related counts and released him on bond. Shortly thereafter, while out on bond, he fled from an attempted traffic stop and was arrested. The State charged him in case 2024-CR-000002 (Case Two) with possession of methamphetamine, fleeing or attempting to elude, reckless driving, and related counts.

Again, Diaz-Gonzalez was released on bond, but he violated his bond conditions in January 2024 when he tested positive for controlled substances and admitted to illegal drug use. His bond was revoked, and he remained in custody for seven days.

In February 2024, Diaz-Gonzalez appeared for preliminary hearings in Cases One and Two where he plead no contest to some charges and the State dismissed the remaining charges. Then, while out on bond in Cases One and Two in April 2024, he fled on foot from an attempted traffic stop and was arrested a third time. The State charged him in case 2024-CR-000155 (Case Three) with possession of methamphetamine, interference with law enforcement, and related counts. In May 2024, he waived his preliminary hearing in Case Three and entered a no contest plea to interference with law enforcement, and the State dismissed the remaining counts.

In June 2024, the district court sentenced Diaz-Gonzalez in all three cases. In Case One, the court imposed an underlying 32-month prison term and placed him on 18 months of probation. In Case Two, it imposed an 11-month prison term consecutive to

2

Case One—because he committed those crimes while on felony bond in Case One—and again suspended the sentence to probation. In Case Three, the district court imposed a 13-month prison term consecutive to Cases One and Two for the same reason, once again suspending the sentence to probation. Therefore, the district court ordered the three underlying sentences to run consecutively. The district court credited all 25 days of jail time accrued before sentencing to Case One alone, meaning that Diaz-Gonzalez received 25 days of jail time credit total.

In September 2024, following probation violation proceedings in which Diaz-Gonzalez was found to have violated the terms and conditions of probation, he had accrued a total of 70 days of jail credit. The court allocated all the jail time credit to Case One as "the lead case," imposed a three-day jail sanction, and extended probation by 18 months, warning that any further violation would result in imposition of the full underlying sentence. Two weeks later, the State filed another revocation motion, and at a November 2024 hearing, the court gave Diaz-Gonzalez "one more chance" on probation.

In April 2025, Diaz-Gonzalez led officers on a high-speed chase, threw a firearm from his vehicle, and subsequently plead no contest to two felony charges in case 2025-CR-000178 (Case Four). As part of that plea agreement, he also admitted to violating his probation in Cases One, Two, and Three. Having found that Diaz-Gonzalez yet again violated his probation, in June 2025 the district court revoked his probation and imposed his underlying sentences in Cases One, Two, and Three.

The journal entry for Case One reflected 154 total days of jail time credit—25 awarded at the original sentencing plus 129 accrued during probation. The journal entries for Cases Two and Three each awarded zero days, noting only "All jail credit to [Case One]." Diaz-Gonzalez appeals the jail-credit decisions pertaining to Cases One, Two, and Three, and this court consolidated the cases for this decision.

3

DISCUSSION

Diaz-Gonzalez argues for the first time on appeal that the district court should have credited his sentences in Cases Two and Three—not just Case One—for the time he spent incarcerated while those cases were pending. In short, he requests 150 days of jail credit in Case Two and 142 days of jail credit in Case Three.

The State accurately notes that Diaz-Gonzalez failed to request this jail credit at the district court and failed to object to the district court's jail credit determination. As such, the State contends he should not be allowed to challenge his jail credit on appeal. Diaz-Gonzalez argues that although issues generally cannot be first raised on appeal and must be presented to the district court first, one of the well-recognized exceptions to that general prohibition applies here. See *State v. Green*, 315 Kan. 178, 182, 505 P.3d 377 (2022) ("In general, issues not raised before the district court may not be raised on appeal."). Specifically, he contends that this is merely a question of law on admitted facts that this court and the Kansas Supreme Court have addressed for the first time on appeal. See *State v. Rhoiney*, 314 Kan. 497, 500, 501 P.3d 368 (2021) (identifying exceptions to the preservation requirement); *State v. Ervin*, 320 Kan. 287, 306, 566 P.3d 481 (2025) (addressing jail credit for the first time on appeal); *State v. Brown*, 65 Kan. App. 2d 663, 672-73, 570 P.3d 1278 (2025) (addressing a jail credit issue for the first time on appeal).

The State argues that Diaz-Gonzalez should not be allowed to challenge his jail credit award for the first time on appeal because the recent Kansas Supreme Court cases supporting his argument are inapplicable to his case. See *Ervin*, 320 Kan. at 306 (opinion related to jail time credit filed April 11, 2025); *State v. Hopkins*, 317 Kan. 652, 655-59, 537 P.3d 845 (2023) (opinion related to jail time credit filed October 20, 2023); see also S*tate v. Romey*, 321 Kan. 400, 419, 580 P.3d 1 (2025) (With regard to jail time credit, "the change in the law was [*Hopkins*] not *Ervin*."). Indeed, the decision that he relies on is *Hopkins*—decided in October 2023—predated Diaz-Gonzalez' crimes in Case One

4

which were committed in December 2023. Therefore, when the State explained at the later revocation hearing that Diaz-Gonzalez' jail credit would be awarded only in Case One, he had ample opportunity to argue to the district court that the law related to jail credit as outlined in *Hopkins* applied and he was entitled to additional jail time credit.

The State also argues that the preservation exception cannot apply because a factual question remains regarding whether Diaz-Gonzalez was in custody on a bond warrant in Case One during April 2024, which calls into question whether some of the jail credit awarded in Case One was attributable to Case Two or Case Three. Despite this assertion, the State concedes later in its brief that if *Ervin* remains good law, "then Diaz-Gonzalez ought to receive an additional 150 days of credit in [Case Two] and 142 days of credit in [Case Three]."

Diaz-Gonzalez is correct that this court has exercised its discretion to review similar cases, and this court sees no reason to deviate from that position. *State v. Watie*, 66 Kan. App. 2d 166, 168, 577 P.3d 674 (2025) (reviewing jail credit issue for the first time on appeal under preservation exceptions), *rev. denied* 321 Kan. 795 (2026). Whether the district court correctly applied K.S.A. 21-6615 to calculate Diaz-Gonzalez' jail credit is a question of statutory interpretation over which this court exercises unlimited review. *State v. Daniels*, 319 Kan. 340, 342, 554 P.3d 629 (2024).

Diaz-Gonzalez committed the offenses giving rise to Cases One, Two, and Three on December 21, 2023, December 31, 2023, and April 9, 2024, respectively. When he committed those offenses, K.S.A. 21-6615(a) directed that a defendant's sentence be calculated "to reflect and shall be computed as an allowance for the time which the defendant has spent incarcerated pending the disposition of the defendant's case."

In 2023, the Kansas Supreme Court held that the jail time credit statute entitled defendants to jail credit for all time spent incarcerated pending disposition of the

case. *Hopkins*, 317 Kan. at 657. Then, in *Ervin*, the Kansas Supreme Court clarified that K.S.A. 21-6615(a) required a district court to award jail credit for all time the defendant spent incarcerated pending disposition of the case regardless of whether the defendant received credit for some or all of that time against a sentence in another case. *Ervin*, 320 Kan. at 311-12. Under *Ervin*, a defendant like Diaz-Gonzalez is entitled to one day of jail credit in each of his cases sentenced consecutively for each day he spent in custody pending disposition.

Effective May 23, 2024—about six weeks after Diaz-Gonzalez committed the offense giving rise to Case Three—the Legislature amended K.S.A. 21-6615. See K.S.A. 2024 Supp. 21-6615; L. 2024, ch. 96, § 7. The amendment effectively eliminated the duplicative credit a defendant could receive under *Ervin*. See K.S.A. 2024 Supp. 21-6615(a)(2)(A). The State argues that K.S.A. 2024 Supp. 21-6615 applies to Diaz-Gonzalez' cases because he was sentenced after the effective date of the statute. The State also contends that the amendment would preclude Diaz-Gonzalez from receiving any credit in Case Two or Case Three.

The State's argument is unpersuasive. The Kansas Supreme Court has explained that "'the fundamental rule for sentencing is that the person convicted of a crime is sentenced in accordance with the sentencing provisions in effect at the time the crime was committed.'" *State v. McLinn*, 307 Kan. 307, 337, 409 P.3d 1 (2018) (quoting *State v. Overton*, 279 Kan. 547, 561, 112 P.3d 244 [2005]); see also *State v. Juiliano*, 315 Kan. 76, 80, 504 P.3d 399 (2022) ("The court sentences a person convicted of a crime in accordance with the sentencing provisions in effect when the person committed the crime."). Therefore, although the Legislature amended the applicable statute, the version in effect when the defendant committed the offense must be applied to calculate their jail credit. See *Romey*, 321 Kan. at 417-18 (noting the Legislature's amendment to the statute but noting *Ervin* must be applied because it was in effect when the defendant committed the crime). Moreover, a panel of this court has addressed similar arguments and

concluded they were unpersuasive. See *State v. Mitchell*, 66 Kan. App. 2d 196, 207, 579 P.3d 970 (2025) ("In short, K.S.A. 2024 Supp. 21-6615[a] includes no language indicating that the legislature intended to apply it retroactively to pending cases awaiting sentencing. In the absence of any such indication, the 2024 amendments apply only to sentences for crimes committed on or after May 23, 2024."), *rev. granted* 321 Kan. 793 (2026); see also *State v. Owens*, No. 128,059, 2026 WL 850143, at *2-3 (Kan. App. 2026) (unpublished opinion) (discussing the same and applying the holding in *Mitchell*), *petition for rev. filed* April 27, 2026.

The State alternatively argues that *Hopkins* and *Ervin* were wrongly decided. This court is duty-bound to follow Kansas Supreme Court precedent unless there is some indication that the Supreme Court is departing from its previous position. *State v. Patton*, 315 Kan. 1, 16, 503 P.3d 1022 (2022). Finding no such indication, this court is duty-bound to apply *Ervin*, which remains good law.

CONCLUSION

The State acknowledges that if *Ervin* controls—as this court finds it does—then Diaz-Gonzalez must be given an additional 150 days of jail credit in Case Two and 142 days of jail credit in Case Three. Diaz-Gonzalez agrees with this outcome. Therefore, Diaz-Gonzalez' sentences are vacated and these cases are remanded for the district court to amend its orders to effectuate these changes in Diaz-Gonzalez' sentences.

Vacated in part and remanded with directions.