NOT DESIGNATED FOR PUBLICATION

No. 128,454

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

AUDREY JAYNE NEAL,
*Appellant*.

MEMORANDUM OPINION

Appeal from Montgomery District Court; JEFFREY D. GOSSARD, judge. Submitted without oral argument. Opinion filed June 26, 2026. Reversed in part, vacated in part, and remanded with directions.

*Corrine E. Gunning*, of Kansas Appellate Defender Office, for appellant.

*Andrew J. Lohmann*, assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.

Before WARNER, C.J., ARNOLD-BURGER, J., and LAURA JOHNSON-MCNISH, District Judge, assigned.

PER CURIAM: Neal directly appeals following a joint hearing which revoked her probation in three cases and pronounced sentence in two other cases. All five cases were consolidated for purposes of appeal by the district court. For the first time on appeal, Neal challenges the district court's jail credit award. After a thorough review, we agree with Neal that she was not given the amount of jail credit she was due. Therefore we vacate the district court's determination of jail time credit and remand for entry of an

1

amended journal entry of judgment crediting Neal with all days she was incarcerated pending disposition of her cases.

Neal also challenges the failure of the district court to consider her financial situation before imposing Board of Indigents' Defense Services (BIDS) fees. The State concedes error. We agree. Accordingly, we set aside the district court's BIDS assessment and remand for an assessment consistent with this court's opinion in *State v. Robinson*, 281 Kan. 538, 546, 132 P.3d 934 (2006).

FACTUAL AND PROCEDURAL HISTORY

This case involves the calculation of jail credit. The days Neal spent in jail are not in dispute, so we need not elaborate on each of her five cases from her first in January 2019 to her fifth in February 2021. Suffice it to say, she had a knack for securing her release on bond and then committing new crimes. For ease of understanding, we will refer to them as follows: 2019-CR-2 (Case 1), 2019-CR-65 (Case 2), 2019-CR-365 (Case 3), 2021-CR-102 (Case 4), and 2021-CR-109 (Case 5).

In April 2023, the State and Neal entered into a comprehensive agreement to resolve Cases 4 and 5 with a plea in those cases and a stipulation to violating her probation in Cases 1, 2, and 3. Neal agreed that she violated her probation in Cases 1, 2, and 3 by committing new offenses. She also agreed to plead no contest to possession of methamphetamine in Case 4 and to aggravated arson and attempted second-degree murder in Case 5. The plea agreement also stated, "[t]he spirit and intent of the parties in crafting the plea agreement is that the total global sentence would be 205 months." In exchange for her plea, the State agreed to dismiss the remaining charges in Cases 4 and 5.

In October 2023, the district court held a joint hearing for sentencing and disposition of the five cases. The district court sentenced Neal to serve consecutive prison

2

sentences of 153 months in Case 5 and granted a durational departure down to 22 months in Case 4. The district court judge explained that Neal was entitled to "credit for time served as applicable." Next, the district court revoked Neal's probation and ordered her to serve the underlying sentence, all which were to run consecutive to one another and to the sentences in the new cases.

*Postdisposition journal entries*

The journal entries in Cases 1, 2, and 3—the probation violation cases—reflect a complex mix of jail credit awards. In Case 1, Neal received credit for 300 days, which includes 155 days originally granted at her sentencing on Case 1, and 145 days with 7 days in 2020 and 138 days accrued from February 11, 2021, to June 29, 2021.

In Case 2, Neal received credit for the 420 days from June 29, 2021, to August 23, 2022. In Case 3, she received 180 days of credit for time accrued from August 23, 2022, to February 19, 2023. The district court specifically denied awarding 7 days in 2020 and 588 days from February 11, 2021, to August 23, 2022. The journal entry also notes: "J-2/19/23-10/10/23=233-NA."

In Case 4, Neal received 237 days of jail credit for the time period between February 15, 2023, and her sentencing on October 10, 2023. In Case 5, the district court awarded no jail credit, noting that all credit for time served was awarded in other cases.

In addition to the total sentence, the district court ordered Neal to pay $600 in attorney fees in Case 5. The following exchange with defense counsel reflects the district court's consideration and determination of attorney fees:

"[THE COURT:]  Mr. Wells, did you have any court-appointed attorney fees determined?

3

"MR. WELLS: No, I don't, Judge.

"THE COURT: All right.

"MR. WELLS: To be determined.

"THE COURT: All right. Based on the length of the incarceration, I assume—I know we've had a number of hearings on this matter so I believe if I were to say that I'm going to waive all but $600 in court-appointed attorney fees, there certainly would be an excess of that?

"MR. WELLS: Yes.

"THE COURT: All right. So based on length of incarceration, I'm going to waive all but $600 of court-appointed attorney fees on this case.

"Any other court costs, fines, fees I've overlooked?"

Neal timely filed her notice of appeal in all cases. The district court consolidated the five cases for purposes of appeal.

ANALYSIS

*We elect to consider Neal's newly minted claim for jail credit on appeal.*

For the first time on appeal, Neal alleges that she was not awarded jail credit on all cases to which she was entitled. Relying on *State v. Murdock*, 309 Kan. 585, 591, 439 P.3d 307 (2019), Neal argues that because this is her direct appeal, she is entitled to the benefit of the change in law in *State v. Ervin*, 320 Kan. 287, 311-12, 566 P.3d 481 (2025). According to Neal, our Supreme Court in *State v. Williams*, 311 Kan. 88, 93-96, 456 P.3d 540 (2020), indicated this rule supersedes preservation requirements and has been applied to reach issues even when they were not raised in the Court of Appeals or in a petition for review. Neal, citing *Ervin*, also invokes the prudential exception that allows this court to review for the first time on appeal an issue involving a question of law on admitted facts.

4

The State counters that this issue could have been raised when the parties were calculating the appropriate amount of jail credit to place in the journal entries. According to the State, the district court announced at the sentencing hearing that the parties would calculate the appropriate amount of jail credit for Neal. But before the journal entries calculating jail credit were approved, the Kansas Supreme Court decided *State v. Hopkins*, 317 Kan. 652, 537 P.3d 845 (2023), which means that the argument could have and should have been raised before the journal entries calculating jail credit were approved. The State relies on *State v. Romey*, 321 Kan. 400, 405, 580 P.3d 1 (2025), which found that *Ervin* was not a change in the law, but simply an application of *Hopkins*. Since *Hopkins* was decided before the sentencing journal entry was filed, this court should decline to reach this issue.

But here, unlike in *Romey*, the change in law had not yet occurred at the time of Neal's *sentencing* on October 10, 2023; *Hopkins* was not issued until October 20, 2023. Thus, the premise that Neal could have "been aware of the issue" and raised it earlier does not apply.

Even so, the State insists that because the *journal entries* were completed after *Hopkins* was issued then Neal should have raised her objection at that point. But this assertion overlooks that *Romey* focused on Romey's failure to object at *sentencing*. See 321 Kan. at 420. The sentence is complete when the trial court pronounces the sentence from the bench. *State v. Davis*, 312 Kan. 259, 286, 474 P.3d 722 (2020). Because sentencing was complete as of the oral pronouncement, and because the district court generally announced that credit was to be awarded as applicable, there was no basis for Neal to object at *sentencing*.

Moreover, the facts supporting this issue are undisputed and the question it presents is purely a legal one related to the award of jail credit. We elect to exercise our prudential authority and consider Neal's claim.

*Neal is entitled to duplicative jail credit.*

The right to jail time credit in Kansas is statutory, and this case is governed by K.S.A. 21-6615(a) (Self 2023). Statutory interpretation presents a question of law over which appellate courts have unlimited review. *State v. Daniels*, 319 Kan. 340, 342, 554 P.3d 629 (2024).

Regardless of the arguments of the parties over whether *Hopkins* or any of its progeny were rightfully decided, we are duty bound to follow Supreme Court precedent unless there is some indication that the Supreme Court is departing from its previous position. *State v. Patton*, 315 Kan. 1, 16, 503 P.3d 1022 (2022). Although the caselaw, accompanied by a variety of legislative changes, has been changing rapidly over the last couple months and years, under the facts of this case, our Supreme Court has never equivocated.

"Under the obvious and plain meaning of the words chosen by the Legislature, a defendant shall be awarded jail time credit for *all* time spent in custody *pending the disposition of his or her case*." (Emphasis added.) *Hopkins*, 317 Kan. at 657. The final disposition in Neal's 2019 cases occurred in October 2023, and any time she spent in custody during that period constitutes time pending the disposition of her case. See *State v. Brown*, 65 Kan. App. 2d 663, 672, 570 P.3d 1278 (2025). As *Ervin* clarified, the statute does not limit credit to cases where it does not duplicate another allowance. 320 Kan. at 309-10. Under the plain language of K.S.A. 21-6615, Neal is entitled to an allowance for all time spent incarcerated pending the disposition of her case, and the State's attempt to restrict or render this credit discretionary is inconsistent with both the statute and controlling Kansas precedent.

The statutory scheme is mandatory when the statutory conditions are met: If a defendant is actually confined, that time must count toward the sentence. The statute does

not permit courts to withhold credit simply because the confinement took place after sentencing or in a context related to probation revocation.

As of the joint disposition hearing, Neal had been incarcerated since her last arrest on February 11, 2021, a total of about 971 days. She was also being held in custody for the three probation violation bench warrants in Cases 1, 2, and 3 as of February 11, 2021.

In Cases 1, 2, and 3, Neal received jail credit for various dates, which likely satisfied her underlying sentences. But the journal entries do not note anything about this. At the same time, in Case 4, Neal received only 237 days of jail credit, and in Case 5, she received none, despite her incarceration from February 11, 2021, through October 10, 2023, on these charges. Neal notes that it is unclear how the district court allocated her jail credit but maintains that she did not receive all credit in all five cases for the time she was in custody, thus the journal entries do not reflect the lawful jail credit awards. We agree.

Because the district court awarded jail credit "as applicable," and under *Hopkins*, as applied in *Ervin* and clarified in *Romey*, and even more recently as reiterated in *State v. Zongker*, credit applies for each day spent in custody, and the denial of credit for time served pending disposition was clear error. *Zongker*, 322 Kan. 137, 143, 586 P.3d 769 (2026) (holding that Zongker was entitled to jail credit for all days spent incarcerated pending disposition of his case, including any days for which he also received credit in the prior case).

Neal is entitled to receive all days of jail credit against each of her sentences in the five cases on appeal, beginning with her arrest on each charge, because she spent that time in jail pending disposition of her cases. Accordingly, we vacate the district court's determination of jail time credit and remand for entry of an amended journal entry of

judgment crediting Neal with all days she was incarcerated pending disposition of her cases consistent with our Supreme Court's ruling in *Hopkins*.

*The district court erred when it imposed $600 in BIDS attorney fees.*

The second issue in this appeal is whether the district court complied with K.S.A. 22-4513's procedural requirements before imposing a BIDS fee. Both parties agree that the district court erred when it imposed $600 in attorney fees without making the necessary findings. We also agree. The district court's inquiry did not make the necessary findings on this record before imposing BIDS attorney fees, so it erred in ordering Neal to pay $600 in BIDS fees. The remedy for a sentencing court's failure to make explicit findings is to remand to the lower court for such findings. *Robinson*, 281 Kan. 547-48.

Thus, while the sentencing court's failure to consider Neal's financial situation before imposing BIDS fees does not affect the legitimacy of her conviction, it nevertheless is cause for reversing the court's BIDS assessment. We therefore set aside the BIDS assessment and remand for an assessment consistent with this court's opinion in *Robinson*. Sentence vacated and remanded with directions to enter an amended journal entry awarding Neal the jail credit to which she is entitled consistent with *Hopkins* and for reconsideration of the BIDs attorney fees.

Reversed in part, vacated in part, and remanded with directions.